UNITED STATES of America, Plaintiff,

v.

Deanne F. SKIRKO a/k/a Deanne F. Berrett, Dale W. Sterner, and E. Arlene Sterner, Defendants.

No. C84–501–K.

United States District Court, D. Wyoming.

Dec. 16, 1985.

John D. Steffan, Trial Attorney, U.S. Dept. of Justice, Tax Div., Washington, D.C., for plaintiff.

Susan K. Overeem, Casper, Wyo., for defendants Sterners.

## ORDER RULING ON MOTIONS FOR SUMMARY JUDGMENT WITH FINDINGS

KERR, District Judge.

The above-entitled matter coming on regularly for hearing before the Court on defendants Sterners' motion for summary judgment and plaintiff's cross-motion for summary judgment; plaintiff appearing by and through its attorney, John D. Steffan, Trial Attorney, Tax Division, United States Department of Justice, and defendants Sterners appearing by and through their attorney, Susan K. Overeem; and the Court having heard the arguments of counsel and having fully and carefully reviewed the briefs, affidavits, exhibits, and memoranda on file herein, and being fully advised in the premises, FINDS as follows:

This is an action to reduce a federal tax assessment to judgment, foreclose a federal tax lien, and sell an item of personal property.

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a) and (e) and 7403. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1396.

The United States filed the complaint herein naming as defendants Deanne F. Skirko a/k/a Berrett (hereinafter Skirko or the taxpayer) and Dale W. Sterner and E. Arlene Sterner (hereinafter the Sterners). The complaint seeks to have $59,746.71 in assessed, unpaid 1980 federal income taxes of Deanne Skirko, plus statutory additions, reduced to judgment and to foreclose a federal tax lien against specific property, Liquor License Number Two issued by the Town of Mills, Wyoming.

Skirko failed to respond to the complaint and default judgment was entered against her on May 7, 1985, reducing $81,466.65 in taxes and statutory additions to judgment and granting plaintiff the right to foreclose on seized properties belonging to Skirko.

The Sterners responded to the complaint asserting that Liquor License Number Two is their property and not that of Skirko by reason of a reassignment of the license from Skirko to them.

The plaintiff and the Sterners filed cross-motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and oral argument was heard.

Prior to November 12, 1980, the Sterners were the owners and operators of the Hideaway Bar and Package Store and the holders of retail Liquor License Number Two issued by the Town of Mills, Wyoming.

On or about November 12, 1980, defendant Sterners entered into a Sale and Escrow Agreement with Marie Forsberg and the Bull Pen Restaurant, Inc. (hereinafter Bull Pen) for the sale of the business, including Liquor License Number Two. As part of the terms of the sale, Bull Pen executed a reassignment of Liquor License Number Two in favor of the Sterners. The reassignment was placed in escrow, along with the other documents of sale, with the State Bank of Mills, Wyoming. Liquor License Number Two was thereafter transferred to Bull Pen.

On or about May 12, 1981, Forsberg and Bull Pen assigned their interest in the Sales and Escrow Agreement to Skirko who had executed a reassignment of Liquor License Number Two in favor of the Sterners dated April 1, 1981. The reassignment was first recorded by the Sterners on May 14, 1984 and, even then, only with the Mills Town Clerk. In consonance with the Sale and Escrow Agreement, and upon approval of defendant Skirko's application to the Town of Mills, Liquor License Number Two was transferred to and in the name of Deanne [sic] Berrett. Skirko thereafter op-

erated the business as a sole proprietorship.

On July 19, 1982, the Internal Revenue Service assessed taxpayer $59,746.71 in unpaid 1980 Form 1040 taxes. Notice and demand for payment was made and on March 2, 1983, a Notice of Federal Tax Lien was filed with the Clerk and Recorder of Natrona County, Wyoming.

By letter dated January 9, 1984, pursuant to the Sale and Escrow Agreement's default provisions, the Sterners notified Skirko that she was in default under the purchase contract. Pursuant to those default provisions, the Sterners could declare the Sale and Escrow Agreement terminated and unilaterally break escrow if Skirko failed to pay and discharge the entire balance of the obligation within sixty days after the notice of default was given.

On May 8, 1984, the Internal Revenue Service served a levy on Skirko to collect her outstanding tax liabilities and statutory additions.

On May 9, 1984, Internal Revenue Service agents seized Liquor License Number Two from the wall at the Hideaway Bar. Also on May 9, 1984, the Sterners terminated the Sale and Escrow Agreement by removing the documents from escrow.

On May 11, 1984, the Sterners filed a Liquor License and/or Permit Application with the Town of Mills for the transfer of ownership of Liquor License Number Two from Skirko to themselves.

On May 14, 1984, Sterners filed Skirko's reassignment of Liquor License Number Two with the Mills Town Clerk.

On July 3, 1984, the Sterners again filed a Liquor License and/or Permit Application with the Town of Mills for the renewal of Liquor License Number Two. On September 5, 1984, Sterners' applications were approved by the Town of Mills and thereafter the requisite licensing fee was paid by the Sterners.

A number of subsidiary issues must be determined before this Court can order foreclosure and sale of Liquor License Number Two in favor of the United States:

(1) Whether a federal tax lien can attach to a liquor license; (2) whether defendant Skirko held an interest in Liquor License Number Two at the time the federal tax lien attached to all her property and rights to property; (3) whether the Sterners have a claim to Liquor License Number Two which primes any interest of the United States; and, (4) whether the United States has forfeited its interest in Liquor License Number Two.

The United States Court of Appeals for the Tenth Circuit, this Court, and the Wyoming Supreme Court have expressly held that a liquor license issued under the Wyoming liquor laws is property to which a security interest can attach. *Bogus v. American National Bank of Cheyenne*, 401 F.2d 458, 461 (10th Cir.1968) (affirming this Court); *Johnson v. Smith*, 455 P.2d 244, 251 (Wyo.1969). This is predicated on the adoption of the Uniform Commercial Code by the Wyoming legislature, effective January 1, 1962, which broadened previously existing law and made liquor licenses subject to security interests, as well as the *Bogus* court's holding that a liquor license has specific characteristics of an item of property, i.e. transferability and unique value. *Bogus*, 401 F.2d at 461. The court concluded: "To that extent, then, it [the Uniform Commercial Code] must be considered as overriding any inference that otherwise might be drawn from the liquor control act that an encumbrance may not be placed on a liquor license issued thereunder." *Id.*

Federal law dictates to what property a federal tax lien can attach. *Aquilino v. United States*, 363 U.S. 509, 513, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960); *United States v. Bess*, 357 U.S. 51, 55, 78 S.Ct. 1054, 1057, 2 L.Ed.2d 1135 (1958). Congress has expressly provided that a federal tax lien attaches to all property and rights to property, whether real or personal, belonging to a taxpayer:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States upon all

property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.

A section 6321 lien arises at the time the tax assessments are made against the taxpayer, 26 U.S.C. § 6322, which is the date the liabilities are recorded by the Secretary of the Treasury or his delegate, 26 U.S.C. § 6203.

The Internal Revenue Service records regarding defendant Skirko show that the assessment was recorded in the records of the Internal Revenue Service on July 19, 1982, Skirko having filed her 1980 Form 1040 on June 3, 1982. Therefore, on July 19, 1982, a federal tax lien was impressed upon all property and rights to property in the taxpayer as of that date. See *United States v. Vermont*, 377 U.S. 351, 353 n. 3, 84 S.Ct. 1267, 1268 n. 3, 12 L.Ed.2d 370 (1964).

█ The question becomes what, if any, interest did defendant Skirko hold in Liquor License Number Two as of July 19, 1982. Again, state law controls this question and the applicable state law is the Wyoming Uniform Commercial Code.

Here, after the assignment from Forsberg and Bull Pen of their interest in the Sale and Escrow Agreement to Skirko on or about May 12, 1981, Liquor License Number Two was transferred to and issued in Skirko's name where it remained without question until, at the earliest, the Sterners' termination of the Sale and Escrow Agreement in 1984. The taxpayer held the liquor license in her name subject to an unfiled reassignment held in escrow.

It is necessary to the extent the taxpayer's reassignment of the liquor license was intended to create a security interest in the liquor license in favor of the Sterners, to determine under the Wyoming Uniform Commercial Code the interest in Liquor License Number Two held by the Sterners

and the extent that interest is protected against the subsequently arising interest of the United States in the license.

A liquor license is a general intangible as defined in W.R.S. § 34-21-906; U.C.C. § 9-106; see *Bogus*, 401 F.2d at 460. A security interest in a general intangible must be recorded in order to protect it from the claims of third parties. W.R.S. § 34-21-931; U.C.C. § 9-302; see W.R.S. § 34-21-930(a); U.C.C. § 9-301(1)(b).

Here, since the Sterners failed to properly file their security interest until well after the fact, they only had an unperfected interest in Liquor License Number Two.

Pursuant to W.R.S. § 34-21-930(a)(ii); U.C.C. § 9-301(1)(b), an unperfected security interest is subordinate to the rights of a third party who becomes a lien creditor before that security interest is perfected. That is, the subsequent lien asserted by the third party preempts the earlier but unperfected lien.

A lien creditor is a creditor who has acquired a lien on the property by attachment, levy, or the like. W.R.S. § 34-21-930(c); U.C.C. § 9-301(3). The United States qualifies as a lien creditor under this definition. *United States v. Trigg*, 465 F.2d 1264, 1268 (8th Cir.1972); *L.B. Smith v. Foley*, 341 F.Supp. 810, 813-814 (W.D.N.Y.1972) (and cases cited therein). Therefore, the federal tax lien attached to the collateral in its entirety without any diminution caused by the Sterners' unperfected security interest in Liquor License Number Two.[1]

The Sterners contend that their unperfected security interest primes the federal tax lien. Therefore, it must be determined which interest in Liquor License Number Two is entitled to priority. This determination is controlled by federal law. *Aquilino*, 363 U.S. at 513-514, 80 S.Ct. at 1280 (and cases cited therein).

---

1. One of the valuable rights inherent in a liquor license is "the 'first chance' or opportunity to apply to the licensing authority for continuation or renewal" of the license. *Johnson v. Smith*, 455 P.2d 244, 251 (Wyo.1969); W.R.S. § 12-4- 104(c). It is, of course, this right that the Internal Revenue Service hopes to sell—the purchaser having the first right to petition the licensing authority for transfer of the license to him.

The issue is whether the Sterners' unperfected security interest can prime the Government's tax lien filed on March 2, 1983. Section 6323(a) of Title 26 controls the priority issue:

The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

The Wyoming Uniform Commercial Code provides that a security interest in general intangibles must be perfected to prevail over a subsequent lien creditor. W.R.S. § 34–21–930(a)(iii); § 34–21–930(a)(ii).

Therefore, absent perfection, the Sterners' security interest in Liquor License Number Two is not entitled to the protections afforded security interests in § 6323(a) and does not prime the federal tax lien.

The Sterners contend that any interest of plaintiff in Liquor License Number Two expired at the end of the year-long term of the license.

Liquor License Number is descriptive of a particular license by number, location, and the extent of the authority granted thereby: License Number Two, for sale of alcoholic beverages at the Hideaway Lounge. The license can be (1) renewed, (2) transferred to new ownership, (3) transferred to a new location, or (4) transferred to a new location and ownership upon approval by the licensing authority. It is pertinent to note that all of the subsequent activities relating to this license beginning with the sale of the Hideaway Bar to Forsberg and Bull Pen, the assignment to taxpayer, the reassignment to the Sterners and subsequent activities regarding the license, to date have all involved transfer or renewal of the license as required by state law. *At no time was a new license issued.*

The transfers and renewals do not show a demise or cancellation of Liquor License Number Two itself. The source of Liquor License Number Two can be traced chronologically from its issuance thorough subsequent transfers to that of September 6, 1984 to the Sterners. The source of the Sterners' present right to serve alcoholic beverages at the Hideaway Lounge stems directly from their transfer of the license to Bull Pen and Forsberg in 1980; from Bull Pen and Forsberg to Skirko in 1981; and from Skirko to the Sterners in 1984. The Sterners' claim and right to transfer of Liquor License Number Two is premised on their claim of right as the original transferors and the subsequent reassignments.

The Liquor License and/or Permit Applications before the Court show that the activity regarding Liquor License Number Two constituted *transfers and renewals rather than requests for issuance of a new license.* The very reassignment upon which the Sterners stake their claim to the license authorizes transfer of the license from Skirko to them.

NOW, THEREFORE, IT IS ORDERED that plaintiff's motion for summary judgment be, and the same is, hereby granted; it is

FURTHER ORDERED that the United States is entitled to foreclosure of the federal tax lien attached to Liquor License Number Two and to sell the license subject to the approval of the successful bidder by the appropriate Wyoming authorities; it is

FURTHER ORDERED that defendant Sterners' motion for summary judgment be, and the same is, hereby denied.