This is an appeal from a judgment affirming the decision of the Alabama Alcoholic Beverage Control Board (Board), which denied the renewal of a retail liquor license.
The Board held a hearing on citizen protests of the renewal of Freeman Hall's, d/b/a Freeman's College City Lounge, lounge retail liquor license.
The Board denied Hall's application for renewal of his alcoholic beverage license, and Hall filed a petition for judicial review in the Perry County Circuit Court.
After reviewing the testimony presented at the hearing before the Board and the briefs filed by the parties, the trial court entered judgment, affirming the decision of the Board.
Hall appeals, contending that the Board violated his right to Due Process and Equal Protection under the United States Constitution and that the Board misapplied the law in reaching its decision.
Hall first argues that he was denied due process and that his equal protection rights were violated. His equal protection argument was not raised previously and will not be considered on appeal. Joyner v. City of Bayou La Batre, 572 So.2d 492
(Ala.Civ.App. 1990). Our review reveals that pursuant to §41-22-12, Ala. Code 1975, Hall was afforded ample notice that protests had been filed against the renewal of his license, he was apprised of his right to respond, and he was forewarned to present all evidence supporting his position at a hearing. Hall was represented by legal counsel throughout the proceedings. The record clearly discloses that even under the relaxed standards of an administrative proceeding, Hall was provided adequate notice regarding the protests, he was afforded an opportunity to respond and present evidence on his behalf, and he received an impartial hearing. There is nothing in the record to disclose that Hall was denied due process of law.
Judicial review of administrative acts and decisions is limited in scope to whether the order is supported by substantial evidence, whether the agency's decision is reasonable and not arbitrary, and whether the agency acted within its power conferred upon it by law and the Constitution.Alabama Medicaid Agency v. Norred, 497 So.2d 176
(Ala.Civ.App. 1986). A presumption of correctness attaches to the decision of an administrative agency due to its recognized expertise in a specific, specialized area. Gillespie v. AlabamaAlcoholic Beverage Control Board, 572 So.2d 493
(Ala.Civ.App. 1990).
The chief of police of the City of Marion, Henry Wright, testified that the police department had received numerous calls from citizens complaining about the lounge since the lounge had been open. He testified that the lounge's bouncer had been arrested for selling controlled substances; however, testimony conflicted concerning whether the bouncer's arrest arose out of the sale of controlled substances at the lounge. The chief further testified that the Marion police had observed the lounge open past 2:00 a.m. on Sunday mornings, a violation of state law.
A couple living next-door to the lounge testified about loud music coming from the lounge, loud voices coming from the area of the lounge, and finding beer bottles, whiskey bottles, and other debris in their yard. A local pastor testified that while visiting the couple one night, he heard noise coming from *Page 1049 
the area of the lounge. He further testified that people leaving from the lounge had "panhandled" him and that he had seen drunks staggering in the streets in the area of the lounge.
After a careful review of the record evidence, we cannot hold that the Board's decision was so unsupported by the evidence as to be unreasonable and arbitrary. The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.