Margie C. EARLYWINE, Appellant (Petitioner),

v.

Lance K. PETERSON and Virginia B. Peterson, ex rel., Wyoming Real Estate Commission, Appellees (Respondents).

No. 93–219.

Supreme Court of Wyoming.

Nov. 23, 1994.

Rehearing Denied Dec. 21, 1994.

Carol A. Serelson, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., William G. Hibbler, Sr. Asst. Atty. Gen., Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

Appellant, whose real estate license was suspended for four months for her failure to disclose to a buyer that she, as both seller and listing agent, was in default on the mortgage to her own seller, appeals the district court's decision affirming the Wyoming Real Estate Commission's disciplinary suspension order.

We affirm.

## ISSUES

Appellant presents the following issues for our review:

I. Did the Court err in not reversing the ruling of the Wyoming Real Estate Commission when the Commission's Findings of Fact are not supported by substantial evidence?

II. Did the Court err in not allowing the Appellant to raise the issue of a conflict of interest on the part of the Hearing Officer?

Appellee rephrases the issues and raises an additional issue:

I. Whether the failure of Earlywine to comply with the requirements of Rule 7.01(e)(1) and (2), Wyoming Rules of Appellate Procedure, should result in summary disposition of her appeal.

II. Whether the Commission, holding that Earlywine failed to disclose a known matter which was material to a real estate transaction, in violation of Commission Rule, Chapter II, Section 13(a)(xii), is supported by substantial evidence.

III. Whether the Commission decision is flawed because of alleged improper notice or conflict of interest by the hearing officer.

## FACTS

In September, 1986, appellant purchased undeveloped property, located in Laramie County, from Genevieve Carey (Carey). The property was secured by an installment note and mortgage in favor of Carey requiring annual payments of $8,266.56. The first payment was due on or before August 1, 1987, with subsequent payments due by September 1st for the following nine years. Appellant did not make the first payment on the installment note.

In April, 1988, appellant sold a portion of the subject property to Alan J. VanDerLeest and Arlis M. Bauer (VanDerLeest) for $34,000. Appellant received a $5,000 down payment and assigned the contract for deed amount of $29,000 to Carey. In return for that assignment, Carey executed and delivered to appellant a Partial Release of Real Estate Mortgage, dated April 29, 1988.

On January 11, 1989, appellant, still having made no payment on the installment note, listed the remaining portion of the property with the Multiple Listing Service. The listing indicated appellant was both owner and listing agent of the property. On January 29, 1989, appellant received an offer from Lance K. Peterson and Virginia B. Peterson (Petersons) for purchase of the remaining property. On January 30, 1989, appellant and the Petersons agreed upon a purchase price of $39,000 to be financed with a contract for deed. The Petersons had worked with another real estate agent, Mary Meredith (Meredith), to locate the property.

On February 21, 1989, Carey's attorney notified appellant's attorney that Carey had declared the mortgage in default. Between that date and the closing date of March 15, 1989, appellant attempted to negotiate an arrangement with Carey to cure appellant's default. Carey rejected appellant's first offer of monthly payments but accepted her second proposal on April 19, 1989, after the closing. Appellant never informed the Petersons of the default, and her agreement with Carey to make monthly payments ended when the check appellant wrote to cover the first payment was returned for insufficient funds.

At the March 15, 1989 closing, the Petersons were provided with a title insurance policy which identified the encumbrance on the property, but Meredith assumed that mortgage would be paid off or arrangements made for payments through an escrow agent. Appellant made no arrangements to either pay off the mortgage or make payments on it and did not inform the Petersons of the mortgage and default.

On June 26, 1990, Carey filed a complaint against appellant to foreclose on the property. On October 3, 1990, Carey's attorney informed the Petersons of the default and action to foreclose. Upon advice of counsel, the Petersons suspended payments on their contract for deed with appellant in October, 1990. The Petersons were able to renegotiate their contract with Carey after her foreclosure upon appellant, but in doing so they incurred legal expenses of approximately $1,200.

On November 12, 1991, the Petersons filed a complaint with the Wyoming Real Estate Commission alleging appellant had failed to disclose matters material to the transaction in violation of WYO.STAT. § 33–28–111 (1987) and Chapter II, Section 13(a)(xii) of the Real Estate Commission rules and regulations.

The commission held a contested case hearing November 18, 1992, and issued its decision on March 26, 1993, suspending appellant's associate broker's license for four months. Appellant filed a petition for review in district court on March 31, 1993, and on September 17, 1993, the district court entered an order affirming the commission's decision. The district court has stayed enforcement of the suspension pending this appeal.

## DISCUSSION

### 1. Commission's Findings of Fact

Appellant asserts as her first claim of error that the commission's findings of fact were not supported by substantial evidence. Appellant specifically contests the commission's finding that appellant knew she was in default on the date of closing.

■ In reviewing a challenge to an agency's findings of fact in a contested case, this court examines the agency decision as if it was the reviewing court of first instance. *Sheridan Race Car Ass'n v. Rice Ranch*, 864 P.2d 30, 32 (Wyo.1993). We employ the following standard of review:

> We examine the entire record to determine if there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency, and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusion of the agency. It is more than a scintilla of evidence.

*Little America Refining Co. v. Witt*, 854 P.2d 51, 58 (Wyo.1993) (quoting *Trout v. Wyo. Oil & Gas Conservation Comm'n*, 721 P.2d 1047, 1050 (Wyo.1986)) (citations omitted).

■ We find from our review of the record that the commission could reasonably have concluded that appellant knew she was in default on the date of closing. From the following testimony and exhibits presented at the hearing, the commission could have inferred appellant knew of her default:

● Appellant's acknowledgment, in her affidavit admitted as an exhibit at the hearing, that after the VanDerLeest payoff, the loan with Carey was still not current;

● Appellant's testimony that she knew she was in default before the VanDerLeest sale;

● Appellant's testimony that her attorney had advised her she was in default;

● Testimony of appellant's attorney that appellant knew she was behind in payments, coupled with appellant's letter to Petersons informing them that their failure to make timely payments put them in default on their loan with appellant.

We conclude that the above outlined testimony and exhibits, considered in conjunction with appellant's failure to ever make a payment on the installment loan with Carey, constitute substantial evidence in support of the commission's finding. We thus affirm the commission's finding that appellant knew of the default on the date of closing.

■ Appellant raises two additional questions in her argument of this issue. She questions first the authority of the commission to hear this matter in the absence of a finding that she was acting as a real estate agent in the sale of the property. Appellant did not raise this question before either the commission or the district court and this court will not consider issues raised for the first time on appeal. *Campbell v. Dep't of Family Services*, 881 P.2d 1066, 1070 (Wyo. 1994). We therefore do not address this question.

■ Appellant next contends that the charge she failed to disclose a material fact was not alleged in the complaint, and she had no notice of it. Again, appellant raised no objection at the hearing before the commission or in her petition for review before the district court. We therefore will not consider the question. Furthermore, the complaint

includes the charge as one of the allegations, and the charge was clarified at the hearing before the commission.

### 2. Hearing Officer's Conflict of Interest

Appellant raised for the first time, in her petition for review before the district court, the issue of the hearing officer's possible conflict of interest. Appellant contends the hearing officer should have disqualified himself from hearing this matter because he is involved in estate work in which appellant has been acting as the real estate agent.

■ Appellant has failed to demonstrate how this creates a conflict of interest for the hearing officer or what interest he has in the outcome of this dispute. This court will not consider issues unsupported by cogent argument or pertinent authority. *Wyrulec Company v. Schutt,* 866 P.2d 756, 762 (Wyo.1993); *Davis v. State,* 859 P.2d 89, 94 (Wyo.1993). Since appellant has provided neither, we decline to address the question of the hearing officer's possible conflict of interest.

### 3. Violation of Appellate Rules

Citing violations of the Wyoming Rules of Appellate Procedure, appellee urges this court to dismiss appellant's appeal or, in the alternative, accept only appellee's statement of the facts and award appellee attorney fees. Appellee points to deficiencies in appellant's brief including its failure to include a statement describing the nature of the case, the course of proceedings and the disposition of the case below and appellant's failure to provide appropriate references to the designated record.

We agree appellant's brief is deficient in this regard and additionally note that appellant's statement of facts inappropriately includes generous portions of argument and rhetoric. While we agree this court would be justified in dismissing appellant's appeal for her violations of appellate rules, *State Game & Fish Comm'n v. Thornock,* 851 P.2d 1300, 1303–04 (Wyo.1993), we decline to do so since we have rejected appellant's contentions on the merits. We also deny appellee's request for attorney fees.

### CONCLUSION

The decision of the district court is affirmed.