Roland D. NAIBAUER and Cathie Bennett, d/b/a Shamrock Station, Appellants (Petitioners),

v.

BOARD OF PLATTE COUNTY COMMISSIONERS, Appellee (Respondent).

No. 94–229.

Supreme Court of Wyoming.

May 11, 1995.

Bruce A. Hellbaum of Jones, Jones, Vines & Hunkins, Wheatland, for appellants.

Douglas W. Weaver, Asst. Platte County and Pros. Atty., Wheatland, for appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

We review an order of the district court which affirmed the decision of the Board of County Commissioners of Platte County (Board) denying renewal of the retail liquor license held by Roland D. Naibauer and Catherine Bennett, d/b/a Shamrock Station (Naibauer).

We affirm.

Naibauer and the Board agree these are the issues:

I. Was the decision of the Board denying renewal of the liquor license arbitrary and capricious?

II. Was the decision of the Board denying renewal of the liquor license unsupported by substantial evidence as presented at the hearing?

III. Was the decision of the Board denying renewal of the liquor license contrary to law?

The proceedings began with the Board's December 27, 1993, notice to Naibauer that renewal of his liquor license would be publicly advertised and then heard before the Board on February 15, 1994. Before the hearing, the Board was informed by the County Attorney of Platte County that, by judgment entered on September 3, 1993, Naibauer had been found guilty of one count of furnishing liquor to a minor in violation of WYO.STAT. § 12–6–101(a) (Supp.1994), and that, on December 22, 1993, upon his plea of no contest, Naibauer was found guilty of a second such charge. The Board received copies of the convictions.

At its February 15, 1994, hearing, the Board received several objections to the renewal of Naibauer's liquor license. The objections focused on allegations that he had sold liquor to minors. Naibauer did not appear at that hearing; therefore, the Board informed Naibauer, by letter dated February 15, 1994, that a further hearing would be held on February 25, 1994, concerning renewal of his liquor license.

It is evident from the transcript of the hearings that the Board had never before encountered opposition to the renewal of a liquor license and, thus, there was considerable uncertainty exactly how to proceed. The proceedings were informal, witnesses were not sworn, nor was documentary evidence received by offer and admission. Neither Naibauer nor his counsel objected to the adequacy of the notice of the hearing or to the informality of the proceedings.

At the hearing, three parents stated their minor children had purchased liquor from Naibauer. One of those parents also reported that she had witnessed Naibauer selling liquor to a minor. In addition, the Board stated on the record that it had received considerable correspondence, as well as telephone calls, in opposition to renewal of Naibauer's license and that the correspondence was available at the hearing.

In his statement to the Board, Naibauer essentially denied he had sold liquor to minors. Eleven witnesses testified in favor of renewal of Naibauer's license. Those witnesses related that they had never seen Naibauer sell liquor to minors and/or they had seen him refuse to sell to minors who were attempting to buy liquor. They also testified the Shamrock Station was an important element of their rural community[1], providing a telephone in emergencies, a gathering place for area residents, shelter in inclement weather, and provisions (food, beverages, gasoline, etc.) for travelers and residents in the area. Liquor sales constituted approximately 80% of the Shamrock Station's gross sales. The Board also received many letters supporting renewal of Naibauer's liquor license.

At the conclusion of the hearing, a Board member made this motion: "Mr. Chairman, with regret, but based upon the two convictions that we have before us, I will move for a denial of the liquor license for Shamrock Station." The motion was seconded and passed. In its written findings, the Board concluded that the welfare of persons residing in the vicinity of the Shamrock Station would be adversely and seriously affected by renewal of Naibauer's license and that the purposes of TITLE 12 of the Wyoming Statutes (Alcoholic Beverages) would not be carried out by renewal. WYO.STAT. § 12–4–104(b)(i) and (ii) (1986).

Upon Naibauer's petition for review of the Board's action, the district court determined that the decision was based on substantial evidence and the denial of renewal was not arbitrary, capricious, or an abuse of discretion, nor otherwise unlawful.

■ Naibauer contends the Board's decision not to renew his liquor license is unsupported by substantial evidence, especially in light of "the bundle of rights" associated with *renewal* of a retail liquor license. *See* WYO. STAT. § 12–4–104(c), (e) and (f) (1986); *Sterner v. U.S.*, 774 P.2d 639, 642 (Wyo.1989); *United States v. Skirko*, 631 F.Supp. 790 (D.Wyo.1985), rev'd on other grounds, 878 F.2d 340 (10th Cir.1989); *City of Evanston v. Whirl Inn, Inc.*, 647 P.2d 1378 (Wyo.1982); *Whitesides v. Council of City of Cheyenne*, 78 Wyo. 80, 319 P.2d 520 (Wyo.1957); E.H. SCHOPLER, ANNOTATION, *Grant or Renewal of Liquor License as Affected by Fact that Applicant Held such License in the Past*, 2 A.L.R.2d 1239 (1948 and Later Case Service). The "right" to renewal of a license is, however, conditioned upon the statutory criteria. WYO.STAT. § 12–4–104(b)(i)–(v) (1986). The standard of review we employ under these circumstances is summarized in *Earlywine v. Peterson*, 885 P.2d 861, 863 (Wyo.1994). Applying that standard, we hold that the Board had before it substantial evidence, both in the form of copies of convictions and statements of interested citizens corroborating those convictions, that Naibauer had sold liquor to minors. That evidence constitutes a proper basis for denying renewal of the retail liquor license. WYO.STAT. § 12–7–101 (1986); and *see Glenn v. Bd. of County Comm'rs, Sheridan County*, 440 P.2d 1 (Wyo.1968).

■ Naibauer asserts that the evidence the Board relied upon is not the type of information prudent persons would rely on in conducting their serious affairs. WYO.STAT. § 16–3–108(a) (1990). He centers that contention on the lack of any direct evidence from the minors who purchased liquor from Naibauer. Hearsay evidence may be received in such an administrative proceeding as that at issue. WYO.STAT. § 16–3–108 (1990); *Story v. State Bd. of Medical Examiners*, 721 P.2d 1013, 1018–20 (Wyo.1986); and *see State ex rel. Workers' Comp. v. Rivera*, 796 P.2d 447, 451 (Wyo.1990). The hearsay testimony heard by the Board corroborated the unimpeached documentary evidence that Naibauer had been convicted of

---

1. The Shamrock Station is located on Highway 34, about 25 miles southwest of Wheatland.

selling liquor to minors. *See Story,* 721 P.2d at 1018.

■ Naibauer also asserts there was no direct evidence concerning a motor vehicle accident which allegedly involved minors who had purchased liquor from him. Further, he adds that no citations were issued to the minors involved in that accident, nor were any citations issued to Naibauer. No objection was made to that testimony, nor is there any indication the Board considered that evidence as a part of the basis for its decision. He now protests that a witness stated that Naibauer "probably" sold to her son and that such testimony is unreliable. No objection was made at the time.

Naibauer complains that the Board heard evidence from persons who did not reside in the "vicinity"[2] where the Shamrock Station is located; indeed, only one person opposing the renewal did live in that "vicinity." No such objection was made at the hearing. In addition, Naibauer focuses on the testimony of those who lived in the vicinity of Shamrock Station, concluding that, except for one person, all favored renewal of the license. Naibauer did not challenge below the proposition that the Board did not properly limit its consideration and/or construction of the term "vicinity."

■ Naibauer contends the Board should not have considered his no contest plea to the second charge of selling liquor to a minor. At the hearing, no objection was made to the Board's consideration of that plea and conviction[3]. Naibauer's failure to object to the proceedings or to the information conveyed to the Board by witnesses operates as a waiver of those issues on appeal and we will not further consider them. *Earlywine,* 885 P.2d at 863; *Roberts v. Employment Security Comm'n,* 745 P.2d 1355, 1359 (Wyo.1987);

*Trout v. Wyoming Oil & Gas Conservation Comm'n,* 721 P.2d 1047, 1053–54 (Wyo.1986); and *see Loyal Order of Moose Lodge No. 1473 v. Liquor Control Comm'n,* 95 Ohio App.3d 109, 641 N.E.2d 1182, 1185 (1994); *Hall v. Alcoholic Beverage Control Bd.,* 631 So.2d 1047, 1048 (Ala.Civ.App.1993).

We agree with the conclusions of the district court: When the information presented to the Board is considered as a whole, it cannot be concluded that the determination not to renew the liquor license was unsupported by substantial evidence or that it was arbitrary, capricious or an abuse of discretion. *Sheridan Race Car Ass'n v. Rice Ranch,* 864 P.2d 30, 32 (Wyo.1993); *Hall,* 631 So.2d at 1048.

■ Naibauer contends he was not given notice of the hearing in a form which conforms to Wyo.Stat. § 16–3–113(a). We hold that the notice was adequate, especially in view of his failure to object or to seek a continuance. *White v. Board of Trustees of Western Wyoming Community College Dist.,* 648 P.2d 528, 535–37 (Wyo.1982); *Glenn,* 440 P.2d at 4; *and compare Devous v. Bd. of Medical Examiners,* 845 P.2d 408, 416–17 (Wyo.1993). Moreover, it is evident from the record that Naibauer was fully aware of the purpose and import of the February 25, 1994, hearing and he has not demonstrated any prejudice or harm because of the defective notice. *Palmer v. Crook County School Dist. 1,* 785 P.2d 1160, 1163 (Wyo.1990).

Naibauer complains that the Board did not make acceptable findings. It is evident from the record as a whole that the Board found that the license should not be renewed because of Naibauer's convictions for sale of liquor to minors. As noted above, we hold those findings are supported by substantial

---

**2.** Wyo.Stat. § 12–4–104(b)(i) (1986) provides that a liquor license shall not be renewed if the licensing authority finds: "The welfare of the people residing in the vicinity of the proposed license or permit premises shall be adversely and seriously affected[.]"

**3.** Naibauer's counsel did argue that the plea "is not an admission of guilt" and, therefore, could not be considered by the Board as a factor in renewal. A nolo contendere plea is an admission of all the essential elements of the crime charged

and, when reduced to judgment, is a conviction. *Ochoa v. State,* 848 P.2d 1359, 1361–62 (Wyo. 1993) (collecting cases). Naibauer did not object on the basis that the conviction could not be used against him in a civil action and we do not decide that question. But see *In Re A–J–C, Inc.,* 42 Pa.Commw. 582, 401 A.2d 421, 422 (1979); C.T. Drechsler, Annotation, *Plea of Nolo Contendere or Non Vult Contendere,* 89 A.L.R.2d 540, esp. § 45 (1963 and Later Case Service).

evidence and are otherwise adequate under Wyo.Stat. § 16–3–110 (1990).

The district court's order upholding the Board's nonrenewal of Naibauer's retail liquor license is affirmed.

