DJG, Appellant (Defendant),

v.

MAP, Appellee (Plaintiff).

No. 94–12.

Supreme Court of Wyoming.

Oct. 24, 1994.

Bert T. Ahlstrom, Jr. and Shelly Kay Flot, Cheyenne, for appellant.

Rocklon L. Edmonds, Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

DJG (mother) appeals from a trial court order modifying an original decree between the parties with respect to child custody provisions, claiming that the trial court erred in determining that a change in circumstances sufficient to allow modification of the original child custody decree had occurred and that the best interests of the child favored a change in custody.

We affirm.

The mother sets out two issues for our consideration:

I.   Did the trial court err in finding and holding that there had occurred a change of circumstances sufficient to allow modification of custody in the case at bar?

II.   Did the trial court abuse its discretion in finding a change of custody met the "best interest" test of the minor child?

The father states the issue as:

I.   Whether or not there was an abuse of discretion by the district court in granting full legal custody of [the child] to the Appellee.

### BACKGROUND

A child, AMP, was born to DJG and MAP (father) on April 19, 1984.  The mother and father never married, and the child has been in the custody of the mother since birth.  The father filed a paternity action in 1985; and, on February 23, 1987, the trial court

entered the original decree placing legal custody of the child with the mother and granting the father visitation rights.

On July 14, 1992, the father filed a motion to modify the original decree, seeking to change legal custody of the child. The district court commissioner heard the case and concluded that no change of circumstances, sufficient to warrant modification of the original decree respecting custody of the child, had occurred. The father objected to this recommendation; and, on October 1, 1993, the trial court entered an order modifying the original decree, finding that there had been a substantial change in circumstances since the original decree had been entered in 1987. The trial court placed legal custody, care and control of the child with the father and granted visitation rights to the mother. The mother now appeals to this court.

### STANDARD OF REVIEW

Modifications of custody and support provisions of a paternity decree are provided by W.S. 14–2–113 (1994), which states in part:

> (f) The court has continuing subject matter and personal jurisdiction to enforce or modify a judgment or order made pursuant to W.S. 14–2–101 through 14–2–120. Provisions respecting support may be modified only upon a showing of a substantial and material change in circumstances.

The modification of a paternity decree respecting custody of a child under this statute lies within the sound discretion of the trial court.

> This court will not interfere with the decision of the trial court in child custody questions unless there is a procedural error or unless there is shown to be a clear abuse of discretion. A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances, as is said to mean an error of law committed by the court under the circumstances.

*Deen v. Deen,* 774 P.2d 621, 622 (Wyo.1989) (citing *Fanning v. Fanning,* 717 P.2d 346, 349 (Wyo.1986)); see also *Dowdy v. Dowdy,* 864 P.2d 439, 440 (Wyo.1993). "In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did." *Martinez v. State,* 611 P.2d 831, 838 (Wyo.1980).

### DISCUSSION

The party seeking modification of the child custody provisions of a court decree has the burden of showing that a change in circumstances affecting the child's welfare has occurred after the entry of the initial decree, that the change warrants modification of the decree, and that the modification will be in the best interests of the children. *Goss v. Goss,* 780 P.2d 306, 312–13 (Wyo. 1989), *Ayling v. Ayling,* 661 P.2d 1054, 1056 (Wyo.1983). In order to resolve the issue of whether there was a showing of material and substantial change in circumstances, we examine the record to determine whether the trial court could reasonably conclude from the evidence that there was such a change.

Since the initial decree was entered in 1987, many things have occurred in the child's life. The mother has moved the child from Colorado Springs, Colorado, to Lander, Fort Washakie, Little America, and Cheyenne, Wyoming. The mother has married, divorced, and remarried. The mother's marriage in 1988–89 was tumultuous and abusive, involving her husband at the time pulling a loaded shotgun on her and pretending to pull the trigger. The mother's husband went to jail, and they were subsequently divorced.

Testimony was received by the trial court that from time to time the child (at the time eight years old) would return home from school and would remain unattended. Testimony was also given that the child's reading level is below average. The child was placed in a special education program, Chapter One, to rectify this. Further, evidence showed that the child's school performance in recent weeks before the modification hearing had declined. After hearing additional testimony from the child's teachers, the guardian ad litem appointed to represent the child and the child's best interests also supported a change of custody.

Based on these factors, the trial court found a change in circumstances affecting the child's welfare had occurred, that the change

warranted modification of the decree, and it was in the child's best interest. From the foregoing, the trial court's finding is reasonable, as it does not exceed the bounds of reason under the circumstances and cannot be said to be an error of law. As we stated in *Ayling*, 661 P.2d at 1057:

> "Substantial" and "material" are words of degree. An exercise of discretion is involved in applying them. If the trial court did not abuse its discretion in applying these words to the matter before it, we cannot second guess its decision.

There was sufficient evidence before the trial court to conclude that a substantial and material change in circumstances had occurred since the 1987 paternity decree had been entered. The child's living environment and education are important factors which affect the child's best interests. The trial court found that it was in the child's best interest for a change in custody because the father will be able to provide a more specialized environment for the child. There being sufficient facts in the record to support a change in custody, we will not second guess the trial court's findings.

## CONCLUSION

The trial court did not abuse its discretion in finding that a change in circumstances occurred which warranted a modification of the original paternity decree.

Affirmed.