RM and TGM, Appellants (Respondents),

v.

STATE of Wyoming, DEPARTMENT OF FAMILY SERVICES, DIVISION OF PUBLIC SERVICES; and State of Wyoming, ex rel., STM, a minor child, Appellees (Petitioners).

No. C–94–6.

Supreme Court of Wyoming.

March 14, 1995.

Rehearing Denied March 28, 1995.

Appellant pro se.

Richard E. Dixon, Asst. Atty. Gen., Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY and LEHMAN, JJ., and HANSCUM, D.J.

GOLDEN, Chief Justice.

We review a district court's determination that appellant RM is the presumed father of the minor child STM and that the action was filed within the applicable limitations period. RM also claims the district court failed to consider his right to custody on an equal footing with that of the minor child's mother.

We affirm.

■ The first issue advanced by RM is premised on his erroneous reading of governing statutes and case law. He contends that the statute of limitations which should apply is that which was in place at the time of the child's birth. Our rule is just the opposite. Retroactive application of the limitations periods contained in the parentage act does not violate applicable constitutional rights. *Vigil*

v. *Tafoya*, 600 P.2d 721, 723–25 (Wyo.1979).[1] The limitations period which applies in this case is expressed in WYO.STAT. § 14–2–104(a)(i) (1994):

(a) A child, his natural mother or a man presumed to be his father under W.S. 14–2–102(a)(i), (ii) or (iii) may bring action:

(i) At any time for the purposes of declaring the existence of the father and child relationship presumed under W.S. 14–2–102(a)(i), (ii) or (iii);

■ There is no question but that RM is the presumed father of the child as defined in WYO.STAT. § 14–2–102(a)(i) (the child was conceived while RM was married to the child's mother and was born within 300 days after the marriage was terminated). Thus, the matter was seasonably and appropriately initiated by the State of Wyoming in the name of the minor child and the district court had jurisdiction. The proceedings below, as well as the judgment, are consonant with the governing statutes and rules.

■ RM also asserts that the district court failed to consider his right to custody on an equal footing with that of the child's mother. We need say little more than to note that the child had been in the custody of the mother for over ten years, RM had not met his obligations to support the child during that time, and he presented no evidence which counselled in favor of a modification of the established custody arrangements. The record which RM brought to this Court can only serve to sustain a conclusion that his rights to custody were fully considered by the district court.

The judgment of the district court is affirmed in all respects.

---

1. RM's "confusion" in this regard probably arises from his misreading of *Vigil*, wherein we *rejected* the rule he suggests.