**Mildred Fanya READY, Appellant (Plaintiff),**

v.

**Lloyd Britton READY, Appellee (Defendant).**

No. 95–66.

Supreme Court of Wyoming.

Nov. 22, 1995.

Tim Newcomb of Grant & Newcomb, Cheyenne, for appellant.

William L. Simpson of Simpson, Kepler & Edwards, Cody, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

Appellant Mildred Fanya Ready, the mother (Mother), who had been custodial parent of four minor children, appeals the district court's order changing custody from the mother to the father, Appellee Lloyd Britton Ready (Father). Father had been frustrated in exercising his visitation rights over an extended period of time primarily due to the contemptuous acts of Mother.

We affirm.

## ISSUES

Mother presents only one issue:

Did the trial court abuse its discretion when it entered the Order Changing Custody in order to punish the original parental custodian for contempt of court?

Father presents these issues:

I. Was the trial court's decision to change custody of the parties' four minor children from the Appellant to the Appellee done solely in order to "punish" the Appellant?

II. Did the Trial Court have jurisdiction to change custody based upon the contemptuous conduct of the Appellant?

III. Did the trial court abuse its discretion in changing custody of the parties' four minor children from the Appellant to the Appellee?

## FACTS

In the parties' 1990 divorce decree, Mother received primary physical custody of the parties' four minor children subject to Father's visitation rights. Over a period of years, the parties had frequent, almost incessant contact with the District Court of Washakie County, Fifth Judicial District, primarily concerning visitation matters. In an order dated April 23, 1993, the district court found Mother in contempt of court and stated another finding of contempt could result in a change in custody for the children. In a later hearing on Father's petition to show cause, evidence was produced that Mother had repeatedly frustrated Father's visitation rights. In its ruling from the bench, the district court stated the children were suffering because they were not able to spend time with their father and therefore it was in the children's best interests for Father to have custody of the children. However, in the Order Changing Custody, dated January 31, 1995, the district court found Mother in contempt of court for failure to abide by court orders and changed custody of the children from Mother to Father. In that order, the district court failed expressly to state the change of custody was in the best interests of the children.

On appeal Mother asserts that Father did not carry his burden of showing a change of circumstances had occurred, that the district court abused its discretion by changing custody of the children in order to punish Mother for contempt of court and that changing custody exceeded the authority of the court provided by Wyo.Stat. § 20–2–113 (1994). Father responds the court did find that changing custody was in the best interests of the children and the change was not done solely to punish Mother for contempt.

## DISCUSSION

We use an abuse of discretion standard when reviewing a district court's decision to modify child custody arrangements. *Gurney v. Gurney*, 899 P.2d 52, 54 (Wyo. 1995); *Love v. Love*, 851 P.2d 1283, 1286 (Wyo.1993). "In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did." *DJG v. MAP*, 883 P.2d 946, 947 (Wyo.1994) (quoting *Martinez v. State*, 611 P.2d 831, 838 (Wyo.1980)). In reviewing Mother's assertions, we will apply this abuse of discretion standard:

The party seeking modification of the child custody provisions of a court decree has the burden of showing that a change in circumstances affecting the child's welfare has occurred after the entry of the initial decree, that the change warrants modification of the decree and that the modification will be in the best interests of the children. *Goss v. Goss*, 780 P.2d 306, 312–13 (Wyo. 1989), *Ayling v. Ayling*, 661 P.2d 1054, 1056 (Wyo.1983). In order to resolve the issue of whether there was a showing of material and substantial change in circum-

stances, we examine the record to determine whether the trial court could reasonably conclude from the evidence that there was such a change.

*DJG*, 883 P.2d at 947.

Although Mother argues that no substantial change in circumstances has occurred, certainly she must concede her repeated failure to abide by the district court's orders is a matter which neither the parties nor the court could have foreseen when drafting the original decree. In its order from the bench, the district court stated, "I will simply acknowledge on the Bench that there is no way that I can get Mrs. Ready to obey the orders of this Court in extending visitation privileges to Mr. Ready, and I am going to transfer custody as of today to Mr. Ready." The district court has broad discretion to determine whether Mother's behavior affected the children's welfare. The court also stated, "I told you before, every time you do this the victims get it, the victims are the kids." With this statement, the court made a reasonable determination that "a change in circumstances affecting the child's welfare has occurred after the entry of the initial decree." *DJG*, 883 P.2d at 947.

Additionally, the children have been denied the experience of association with their father, which can be "sufficient for the court to interpose its authority and, by modification of the original decree, prescribe what must be done to preserve the child's right." *Henson v. Henson*, 384 P.2d 721, 723 (Wyo. 1963). Considering the district court's previous attempts to persuade Mother to comply with its orders, it was not an abuse of discretion to change the custodial parent to preserve the children's right to associate with their father.

Mother correctly asserts that the primary consideration in parental custody matters is the best interests of the children. *Fanning v. Fanning*, 717 P.2d 346, 352 (Wyo.1986). "The 'goal to be achieved is a reasonable balance of the rights and affections of each of the parents, with paramount consideration being given to the welfare and needs of the children.'" *Love*, 851 P.2d at 1287 (quoting *Leitner v. Lonabaugh*, 402

P.2d 713, 720 (Wyo.1965)). *See also Jacobs v. Jacobs*, 895 P.2d 441 (Wyo.1995); *Pinther v. Pinther*, 888 P.2d 1250 (Wyo.1995). "Determining the best interests of the child in awarding custody is a question of fact for the trier of fact." *Jacobs*, 895 P.2d at 443 (citations omitted).

In its ruling from the bench, the court stated, in part:

It's primarily the interest of the kids that I am concerned about, because what they are being deprived of under the present arrangement is the right to have a continuing relationship unfettered and unhampered with one of their parents, and so the day has come when I will simply acknowledge on the Bench that there is no way that I can get Mrs. Ready to obey the orders of this Court in extending visitation privileges to Mr. Ready, and I am going to transfer custody as of today to Mr. Ready.

The district court clearly stated it was primarily interested in the children and the best interests of the children required a change of custody. On appeal findings of fact will not be disturbed if supported by substantial evidence. *Henson*, 384 P.2d at 723. Father presented evidence of his ability to provide a stable home environment and of Mother's failure to allow the children to associate with him. Evidence was presented in the form of testimony from an employee of the Washoe County Sheriff's Office in Wells, Nevada, which described inappropriate behavior on the part of Mother in front of her children—arguing with the Father, throwing the children's belongings on the ground—and that the children became very upset during these interactions between their parents.

Mother also asserts the district court exceeded its statutory authority by placing the children in Father's custody. Wyo.Stat. § 20–2–113(a) (1994) states, in pertinent part:

The court which entered the decree has continuing subject matter and personal jurisdiction to enforce or revise the decree concerning the care, custody, visitation and maintenance of the children as the circumstances of the parents and the benefit of the children requires. * * * The court

may, in addition to any assessment it may impose upon a finding that the parent is in contempt of court, award attorney's fees, costs, *and such other and further relief as the court may deem necessary under the circumstances*, to the parent aggrieved by the violation of the decree, in order to enforce and require future compliance with the decree.

(emphasis added).

The district court found the change of custody was necessary under the circumstances, evidenced by its statement that "there is no way that I can get Mrs. Ready to obey the orders of this Court." Other methods the district court used to enforce and require future compliance with the decree failed. In fact, the district court warned Mother in its April 23, 1993, order that if she was found in contempt of court again, the court would give custody of the children to Father.

In child custody modification matters the district court possesses inherent equitable powers independent of its statutory revisory power. *Gaines v. Doby*, 794 P.2d 566, 569–70 (Wyo.1990) (citing *Wardle v. Wardle*, 464 P.2d 854, 856 (1970)). While the district court seeks to achieve its goal of serving the best interests of the child, it also "must strive to achieve a reasonable balance between the rights and affections of the parents." *Gaines*, 794 P.2d at 570 (quoting *Ayling v. Ayling*, 661 P.2d 1054, 1056 (Wyo. 1983)). In *Marquiss* we remarked, "[b]ased upon contempt in non-compliance with the existing decree provisions for visitation, the amendment could terminate the mother's custody either in total or in part." *Marquiss v. Marquiss*, 837 P.2d 25, 42–43 (Wyo.1992). *See also* Debra E. Wax, Annotation, *Interference By Custodian of Child with Noncustodial Parent's Visitation Rights as Ground for Change of Custody*, 28 A.L.R.4th 9 (1984)

(citing *Bull v. Bull*, 243 Ga. 72, 252 S.E.2d 494 (1979) (change of custody upon the ground of wife's repeated denial of husband's visitation rights not an abuse of discretion); *Garrett v. Garrett*, 464 S.W.2d 740 (Mo.Ct. App.1971) (interference with visitation is a factor properly considered in determining the welfare of a child, not for punishing, but for the purpose of measuring her mental attitude toward law and order); *Lopez v. Lopez*, 97 N.M. 332, 639 P.2d 1186 (1981) (recognizing a modern trend that change of custody is appropriate when the custodial parent intentionally frustrates the visitation rights of the non-custodial parent).

We reiterate the comment from *Marquiss*: "punitive discipline of the offending parent * * * is inappropriate and particularly so if in contravention of what may be the best interest of the child." *Marquiss*, 837 P.2d at 45. *See also Spaulding v. Spaulding*, 460 A.2d 1360 (Me.1983); Wax, *supra*. As we stated previously, the district court took the best interests of the children into account when it awarded custody to Father and the measure, though drastic, was an appropriate exercise of the district court's discretion.

## CONCLUSION

The district court did not abuse its discretion when it awarded custody to the father after the mother was repeatedly found in contempt of the court's orders and the district court found that a change in custody was in the best interests of the children.

Affirmed.