**Rodolpho P. MUNOZ, a/k/a Rudy Munoz, Appellant (Petitioner),**

v.

**Tencil G. MUNOZ, Appellee (Respondent).**

No. 95–241.

Supreme Court of Wyoming.

July 3, 1996.

Rehearing Denied Aug. 6, 1996.

Rodolpho P. Munoz, pro se.

No appearance for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

THOMAS, Justice.

The sole issue for the court to address in this case is whether Rodolpho P. Munoz, a/k/a Rudy Munoz, (Munoz) has sustained his burden of demonstrating an abuse of discre-

tion by the trial court in dismissing his Petition for Modification of Child Custody Agreement. The district court ruled the issues raised by the petition were rendered moot by a subsequent order, which was appealed to this court and affirmed, and Munoz' petition was dismissed. The record on appeal is woefully inadequate for the purpose of supporting any abuse of discretion by the district court. The appellant's brief fails to present a cogent argument on the issue, and we hold there was no abuse of discretion by the district court. The Order on Petition for Change of Custody, entered in the district court on July 25, 1995, is affirmed.

As stated by Munoz in his Brief of Appellant, filed pro se, the issue before this court is:

> Did the district court abuse its discretion in denying Rudy Munoz fundamental rights as to care, companionship, custody and management of his children which have been presistenly [sic] evaded and abstructed [sic] by Tencil G. Munoz?

There was no brief filed by the nominal appellee, Tencil Geraldine Munoz, or by the guardian ad litem appointed to represent the interests of the children in the district court.

The record in this case does not inform the court of any facts. It encompasses a Motion to Show Just Cause why Mrs. Munoz should not be held in contempt of court for violation of the divorce decree as to the care, custody, visitation, and maintenance of the children. Attached to that was a Memorandum in Support of Petition for Modification of Child Custody Agreement and Motion to Show Just Cause. This is followed by an Amended Motion to Show Just Cause. There is an Order on Petition for Change of Custody; an Order on Motion to Show Just Cause; an Order to Strike; and the Notice of Appeal appealing from the Order to Strike, the Order on Petition for Change of Custody, and the Order on Motion to Show Just Cause. Additional background can be found in documentation attached to Munoz' brief from which it appears Munoz and Mrs. Munoz were divorced in 1981. At that time, there were three minor children as to whom the wife was granted custody, pursuant to a property settlement and child custody agree-

ment. Munoz was required to pay $250 a month in child support, and he was granted "reasonable visitation privileges with the above-named minor children as long as the said monthly payment for their care and support is kept current."

Subsequently, another child was born, and the resolution of the child's paternity and custody is summarized in *RM v. State, Dep't of Family Services, Div. of Pub. Services,* 891 P.2d 791 (Wyo.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 149, 133 L.Ed.2d 94 (1995). We there affirmed the district court's determination that Munoz was the presumed father of the child, because the child was conceived while Munoz was married to the mother, and the birth occurred within 300 days after termination of the marriage. We also said:

> RM [Munoz] also asserts that the district court failed to consider his right to custody on an equal footing with that of the child's mother. **We need say little more than to note that the child [Stacey] had been in the custody of the mother for over ten years, RM had not met his obligations to support the child during that time, and he presented no evidence which counseled in favor of a modification of the established custody arrangements.** The record which RM brought to this Court can only serve to sustain a conclusion that his rights to custody were fully considered by the district court.

*RM,* 891 P.2d at 792 (emphasis added).

In the Order on Petition for Change of Custody, from which the appeal primarily is taken, the court alluded to a Petition for Change of Custody filed on November 3, 1993. Munoz has furnished what appears to be a copy of that pleading with his brief and, in it, he did seek the transfer of custody of the children to him from the wife. That petition also stated Mrs. Munoz had given birth to a fourth child subsequent to the divorce, and that child "has no fixed legal relationship" with Munoz. In the order appealed from, the district court dismissed as moot the issues raised by the petition because it found child custody had been awarded to Mrs. Munoz on April 13, 1994, and that

judgment and order of paternity and support had been appealed to the Wyoming Supreme Court and affirmed in *RM*.

■ We initially recognize the total inadequacy of this record to provide any basis for a conclusion that there was any abuse of discretion by the trial court. "It is properly an appellant's burden to bring to us a complete record on which to base a decision." *Scherling v. Kilgore*, 599 P.2d 1352, 1357 (Wyo.1979). That rule has been followed in a number of subsequent decisions. *E.g., Stadtfeld v. Stadtfeld*, 920 P.2d 662 (Wyo.1996); *McCone v. State*, 866 P.2d 740 (Wyo.1993); *Wood v. Wood*, 865 P.2d 616 (Wyo.1993); *Kallas v. State*, 776 P.2d 198 (Wyo.1989); *Condict v. Whitehead, Zunker, Gage, Davidson & Shotwell, P.C.*, 743 P.2d 880 (Wyo. 1987); *Feaster v. Feaster*, 721 P.2d 1095 (Wyo.1986); *Matter of Manning's Estate*, 646 P.2d 175 (Wyo.1982). We would have no possibility of affording relief to Munoz in the absence of some error of law in the order appealed from.

In this latter regard, we are totally frustrated by Munoz' brief. We have said many times in a variety of contexts that we need not consider issues not supported by cogent argument. *E.g., Jones v. Jones*, 903 P.2d 545 (Wyo.1995); *Jacobs v. Jacobs*, 895 P.2d 441 (Wyo.1995); *LC v. TL*, 870 P.2d 374 (Wyo. 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994); *Matter of Adoption of BBC*, 831 P.2d 197 (Wyo.1992); *Secrest v. Secrest*, 781 P.2d 1339 (Wyo.1989); *Daulton v. Daulton*, 774 P.2d 635 (Wyo. 1989); *Edwards v. Edwards*, 732 P.2d 1068 (Wyo.1987); *Fink v. Fink*, 685 P.2d 34 (Wyo. 1984); *Cubin v. Cubin*, 685 P.2d 680 (Wyo. 1984). Particularly noteworthy is this language:

> A simple statement that the party disagrees with the ruling of the district court and that the ruling is erroneous because it constitutes an abuse of the discretion vested in the district court does not amount to cogent argument.

*Fink*, 685 P.2d at 37.

That is an appropriate summarization of the assertion advanced by Munoz in his brief.

■ Our criteria for review of child custody determinations when modification has been sought are well known and firmly placed. The district court's decision with respect to modification of child custody will stand unless an abuse of discretion is shown. *Gurney v. Gurney*, 899 P.2d 52 (Wyo.1995); *Love v. Love*, 851 P.2d 1283 (Wyo.1993). We test the abuse of discretion by determining whether the court could reasonably conclude as it did based upon the evidence before it. *Ready v. Ready*, 906 P.2d 382 (Wyo.1995). The exercise of discretion is not to be disturbed unless and until a clear abuse is shown. *Hamburg v. Heilbrun*, 891 P.2d 85 (Wyo.1995); *England v. Simmons*, 728 P.2d 1137 (Wyo.1986). Further, Munoz must show initially a substantial change of circumstances warranting a modification of custody in the best interests of the children. *Hertzler v. Hertzler*, 908 P.2d 946 (Wyo.1995); *Ready; Goss v. Goss*, 780 P.2d 306 (Wyo. 1989); *Ayling v. Ayling*, 661 P.2d 1054 (Wyo. 1983).

■ As we have noted, there is no evidence before us against which to test the trial court's exercise of discretion. Without a transcript or an agreed statement of the evidence, we cannot assume the court's findings were unsupported. *Feaster*. Munoz offers assertions in his brief about these matters, but the record does not support them. Furthermore, no cogent argument or citation to pertinent authority is encompassed in his brief. *Hamburg; E.C. Cates Agency, Inc. v. Barbe*, 764 P.2d 274 (Wyo.1988); *Wallis v. Luman*, 625 P.2d 759 (Wyo.1981).

Because of the absence of an adequate record and his failure to offer cogent argument, Munoz has failed to show the trial judge abused his discretion. The orders appealed from, primarily the Order on Petition for Change of Custody, are affirmed in every respect.