Elizabeth Lee SEMLER, n/k/a Elizabeth Lee Christofferson, Appellant (Defendant),

v.

James Dale SEMLER, Appellee (Plaintiff).

No. 95–276.

Supreme Court of Wyoming.

Oct. 9, 1996.

Robert A. Hampe*, Cheyenne, for appellant.

Robert W. Connor, Jr., and Debra J. Wendtland, Sheridan, for appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Elizabeth Lee Christofferson, the mother, appeals the district court's decision denying her petition for change of custody based on her allegations of sexual abuse perpetrated against her two children by their custodial father and step-mother. We affirm.

The parties, Elizabeth Lee Christofferson (mother) and James Dale Semler (father), present only one issue:

Whether the trial court abused its discretion in finding the allegations of sexual abuse were without merit?

## FACTS

The parties were divorced in July of 1989, settling all issues except child custody and support. On October 5, 1989, an order was entered awarding the father with primary custody of the parties' two children, a son and a daughter. The daughter was born in 1985; the son was born in 1987. In 1993, the district court heard the mother's allegations that the father was physically abusing the children. The court found that the risk to the children was minimal and that the mother failed to show a substantial change of circumstances. The father continued to have primary custody of the children.

During the scheduled summer visitation with the mother in 1994, the mother petitioned the district court to award her primary custody of the children, based on allegations that the father and his wife were sexually abusing the children. After six days of testimony, the district court issued a very detailed decision letter. Later, the district court entered an order denying the mother's petition, incorporating the findings and conclusions from its decision letter. In its order, the district court found that the children reported same-sex showers with the father and the step-mother, the father had "soaped up" the daughter and touched her vaginal area, and both children reported that the father toweled off the children after bathing, including the son's penis and the daughter's vaginal area.

The district court then proceeded to provide a detailed summary of the testimony from the witnesses. The testimony included opinions that some of the activities reported by the children constituted sexual abuse, the children suffered from low self-esteem and severe post traumatic stress disorder and statements from the mother and her husband. The court also summarized testimony of opinions that previous penetration of the daughter was "doubtful," that the evidence was not sufficient to show sexual abuse and the allegations were not legitimate, and evidence which questioned the credibility of the mother's experts.

Based on the testimony it heard and its findings of fact, the district court concluded that the allegations of sexual abuse were without merit and the mother did not prove a substantial change of circumstances which would justify modification of child custody. This appeal followed.

## DISCUSSION

■ "This court has always recognized that the trial court exercises a broad discretion in the execution of its revisory powers in matters involving domestic relations."

*Gaines v. Doby,* 794 P.2d 566, 570 (Wyo.1990) (citing *Ayling v. Ayling,* 661 P.2d 1054, 1056 (Wyo.1983); *Henson v. Henson,* 384 P.2d 721, 723 (Wyo.1963)). We will not interfere. with the trial court's decision absent a procedural error or a clear abuse of discretion. *Gaines,* 794 P.2d at 570. The party seeking modification of a divorce decree's child custody provisions must prove that a material and substantial change in circumstances warranting modification of the decree has occurred, after the entry of the initial decree, and that modification is in the best interest of the children. *Ready v. Ready,* 906 P.2d 382, 384–85 (Wyo.1995) (quoting *DJG v. MAP,* 883 P.2d 946, 947 (Wyo.1994)). On review, we examine the record to determine whether the trial court could reasonably conclude as it did. *Ready,* 906 P.2d at 384–85 (quoting *DJG,* 883 P.2d at 947).

In her brief, much of the mother's argument concerns the credibility of the witnesses and the weight to be given to their testimony. These matters are resolved by the trier of fact, not an appellate court. *Deen v. Deen,* 774 P.2d 621, 622 (Wyo.1989). The district court's findings of fact are very detailed and summarize testimony from each witness. After six days of testimony in this hotly contested custody battle, the district court found the allegations of sexual abuse were without merit. Based on the evidence in the record, the district court could reasonably conclude as it did. Therefore, it did not abuse its discretion.

Finally, we find we must comment on the mother's brief and admonish counsel. In his brief, counsel makes several inappropriate comments concerning the trial court's objectivity in violation of Wyoming's Rules of Professional Conduct. WYO. R. PROF. CONDUCT 8.2. We warn counsel to refrain from making such inappropriate comments in the future.

## CONCLUSION

The district court did not abuse its discretion in denying the mother's petition for change of custody. Based on the evidence in the record, the decision was reasonable. Therefore, we affirm. We decline to certify there was no reasonable cause for appeal pursuant to WYO. R.APP. P. 10.05.