Valinda K. ROGERS, Appellant
(Defendant),

v.

James D. ROGERS, Appellee (Plaintiff).

No. 97–142.

Supreme Court of Wyoming.

Feb. 8, 1999.

Valinda K. Rogers, Pro Se., for Appellant.

Paul Thomas Glause of Paul Thomas Glause, P.C., Rock Springs, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

THOMAS, Justice.

The critical issues in this case are captured in the claims by Valinda K. Rogers (the mother) that the trial court, in connection with an Order Modifying Decree of Divorce, abused the discretion vested in it to adjust custody and visitation of two minor children. The mother also claims that the trial court committed reversible error as a matter of

law with respect to changing the original divorce decree; failing to rule on a motion for a contempt order addressed to James D. Rogers (the father); and vacating the appointment of the guardian ad litem. While the Court would be justified in dismissing this appeal for failure of the mother to comply with the Wyoming Rules of Appellate Procedure and the failure to cite pertinent authority or present a cogent argument, we choose to decide the case on the merits since the best interests of the children are at stake. Our examination of the record before the Court persuades us that the trial court did not commit an abuse of discretion in any of the respects claimed by the mother. Further, we conclude that no other reversible error is supported by this record. The Order Modifying Decree of Divorce is affirmed.

In the Brief of Appellant, filed by the mother *pro se*, the stated issues are:

I.

The Trial Court abused its discretion in rendering a decision that effectively separates siblings.

II.

The Trial Court abused its discretion in rendering a decision that ignores repeated violations of its own previous orders, both of the Initial Decree and the Temporary Custody Order, including its mandate "to deter abductions and removals".

III.

The Trial Court abused its discretion by failing to order and to enforce visitation in specific detail to promote compliance.

IV.

The Trial Court abused its discretion in assigning reasonable and proper weight to matters of great importance with regard to the fundamental rights, best interests, and the whole welfare of the minor children.

V.

The Trial Court committed reversible error in Overturning the Original Decree; as priority for custody is given to the parent who has custody by court order.

VI.

* Chief Justice at the time of expedited conference;  retired November 2, 1998.

The Trial Court committed reversible error in failing to rule or comment on the contempt motion brought by the Mother at the Final Hearing.

VII.

[The] Court committed reversible error in vacating the appointment of Guardian–Ad–Litem. [The] Court's responsibility was to provide the best[ ] option for representing [the] interests [of] the children, not to accommodate parents or the convenience of the court.

No brief was filed on behalf of the father, as appellee.

The mother and the father were granted a divorce by the trial court on July 9, 1993. On June 21, 1993, they had entered into a Stipulation and Agreement pursuant to which they shared joint custody of their two minor children, with the Stipulation and Agreement providing that each of them would have physical custody of the children in nine-month intervals. The record discloses that the father had conceived a child with a woman in South Dakota during the existence of the parties' marriage. After the mother and the father separated, the mother had conceived a child with her live-in boyfriend.

On May 10, 1994, the mother filed a Petition For Relief From Final Judgment asserting that the Stipulation and Agreement failed to comply with the statutory presumptive child support guidelines, and she sought to relitigate the issues of child custody and child support. The trial court granted the father's Motion to Dismiss on August 12, 1994, but in so doing it advised it would accord no deference to the child support provisions set forth in the divorce decree.

The proceeding resulting in this appeal was commenced by the mother, who filed a Petition to Modify the Decree of Divorce on June 2, 1995, in another attempt to relitigate the issue of child support. On August 16, 1995, an Answer to Petition to Modify Decree of Divorce and Counter Petition for Modification of Decree of Divorce was filed on behalf of the father, who asserted that a substantial change in circumstances had occurred, which warranted awarding the father and the mother joint custody of the children, with the father being identified as the primary custodial parent. On the same day, the father also filed a Motion For Temporary Custody of the two minor children of the parties pending the resolution by the trial court of the mother's petition and the father's counter petition. The mother responded with a Motion for Order to Show Cause, seeking to require the father to show cause why he should not be held in contempt for his failure to abide by the divorce decree. On September 28, 1995, the trial court granted the father's motion for temporary custody, and denied the mother's motion to hold the father in contempt for violation of the divorce decree.

On February 3, 1997, at the conclusion of a hearing, the trial court entered its Order Modifying Decree of Divorce. The trial court found that a substantial change in circumstances had occurred subsequent to the divorce decree. The trial court ruled that the changed circumstances warranted awarding joint custody of the parties' minor children to the father and the mother and that the father should be awarded primary custody of the children subject to the mother's right of visitation. This appeal is taken by the mother from the Order Modifying Decree of Divorce.

We frequently have held that we do not consider an appeal which lacks cogent argument or the citation of pertinent authority to support the claims of error. *State ex rel. Reece v. Wyoming State Bd. of Outfitters and Professional Guides*, 931 P.2d 958, 959 (Wyo.1997); *Collier v. State*, 920 P.2d 265, 267 (Wyo.1996); *Lincoln v. Wackenhut Corp.*, 867 P.2d 701, 705 (Wyo.1994). While our rule does make allowances for *pro se* litigants, they are not excused from compliance. *Boyd v. Nation*, 909 P.2d 323, 326 (Wyo.1996) (*quoting Amrein v. Wyoming Livestock Bd.*, 851 P.2d 769, 772 (Wyo.1993)); *Hamburg v. Heilbrun*, 891 P.2d 85, 87 (Wyo. 1995). The Brief of Appellant, filed in this Court, would justify the invocation of the dismissal rule, but we are concerned that one of the issues presented for review is whether the trial court adequately considered the best interests of the two minor children of the parties. We, therefore, afford the mother's

presentation the benefit of the doubt and conclude that her *pro se* argument and citation of authority is sufficient to permit us to resolve the case on its merits.

■ The mother asserts that the trial court committed an abuse of its discretion in modifying the custody agreement of the parties so as to award joint custody of the children to the parents, with primary custody being granted to the father. She contends that this modification had the effect of separating the two children of the parties from their half sibling, the child the mother conceived with her live-in boyfriend. We acknowledge that separating siblings from each other through custody awards to different parents is not a preferred resolution, but the effect of the separation of siblings is simply one of several factors that courts consider in determining the best interests of the child or children. *Dowdy v. Dowdy*, 864 P.2d 439, 440 (Wyo.1993). In this case, the mother entered into a stipulation and agreement with the father, pursuant to which the parties would share joint custody of their two minor children, with each party having physical custody in nine-month intervals. The Stipulation and Agreement was entered into despite the fact that the mother had conceived a half sibling in October of 1992. The mother was within approximately a month of a normal delivery date at the time of the Stipulation and Agreement. Yet, the mother's own agreement with the father effectively separated the two children from their half sibling for nine months at a time. Under the circumstances, we perceive no abuse of discretion by the trial court in modifying the joint custody agreement so as to provide that the father should be awarded primary custody of the parties' children.

■ Next, the mother asserts vigorously that the trial court committed an abuse of the discretion committed to it when it entered a decision that ignored repeated violations of the original divorce decree by the father. The crux of the mother's argument is that the trial court abused the discretion vested in it when it denied her motion to hold the father in contempt for failing to return the two children to her pending her attempts to relitigate the original child support agree-

ment. A determination by the trial court of matters such as this, raised in a post-divorce contempt proceeding, also rests within the sound exercise of that court's discretion. *Crites v. Alston*, 837 P.2d 1061, 1066 (Wyo. 1992); *Scaling v. Scaling*, 805 P.2d 866, 869 (Wyo.1991); *Secrest v. Secrest*, 781 P.2d 1339, 1341 (Wyo.1989). There is no dispute about the fact that, while the mother's effort to relitigate child support was pending and prior to the order granting temporary custody to the father, the father did violate the divorce decree by not providing physical custody of the children to the mother. Punitive discipline of an offending parent in such circumstances is not appropriate, however, if it is in contravention of what may be in the best interests of the child. *Ready v. Ready*, 906 P.2d 382, 386 (Wyo.1995); *Marquiss v. Marquiss*, 837 P.2d 25, 45 (Wyo.1992). In light of the ultimate conclusion by the trial court that a substantial change in circumstances had occurred, whereby it was in the best interests of the children for the father to be awarded primary custody, we hold that the trial court did not abuse its discretion in refusing to find the father in contempt for violating the divorce decree.

In a further assertion of an abuse of discretion by the trial court, the mother alleges that the trial court failed to order and to enforce visitation in specific detail to promote compliance. We quote from the Order Modifying Decree of Divorce, in which the trial court ruled:

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREE[D] AS FOLLOWS:**

1. That Plaintiff and Defendant be, and they are hereby, awarded the joint care, custody and control of the Parties' minor children, with the Plaintiff [father] being awarded their primary physical custody, subject to Defendant's [mother's] right of normal and reasonable visitation privileges, to include, but not limited to the following:

   a. **Weekend Visits:** Defendant shall be permitted visitation every weekend when Friday is an even numbered date from 6:00 p.m. on Friday until 6:00 p.m. on Sunday. If the Defendant's weekend

falls on a three-day weekend, the times stated above shall be enlarged to encompass the third day of the three-day weekend.

b. **Holiday Visits:** Defendant shall have holiday visitation which shall include the following which shall be established based on the school vacation and recess schedule in the public school district in which the Plaintiff resides regardless of the age or school attendance of the child.

Christmas: In even numbered years commencing at 10:00 a.m. one day after school lets out for the Christmas vacation and concluding at 6:00 p.m. on December 28; in odd numbered years visitation shall commence at 10:00 a.m. on December 28 and conclude at 6:00 p.m. the day before school resumes.

Thanksgiving: The Thanksgiving vacation in odd numbered years beginning at 6:00 p.m. the last day of school and ending at 6:00 p.m. the day before school resumes.

Easter: The Easter school vacation or, at the option of Defendant, the Spring School Break in even numbered years commencing at 6:00 p.m. the day school lets out for the vacation and concluding at 6:00 p.m. the day before school resumes. Defendant shall notify Plaintiff at least thirty (30) days before the beginning of the earliest of said holidays if she wishes to elect the option of visitation during the Spring Break in lieu of the Easter vacation.

c. **Summer:** Defendant shall have summer visitation with the parties' minor child for up to six (6) weeks during the child's summer vacation as determined by the school district of the child's residence. Defendant shall notify the Plaintiff on or before May 15th of each year when she will exercise visitation in the summer. Plaintiff shall be entitled to exercise visitation on alternating weekends during Defendant's summer visitation herein.

d. **Transportation:** Defendant shall pay all transportation costs associated with the exercise of her visitation rights hereunder.

e. **Other:** The parties shall cooperate with one another in arranging and allowing visitation with the parties' minor children. Defendant is prohibited from picking the children up from school or any other place they might be, without first obtaining the permission of Plaintiff. Each party shall promptly notify the other of important events in each child's life and any emergencies arising concerning the care of each minor child while in their respective custody or control. The parties shall keep each other advised as to their current residential address, current mailing address and phone number. Any change in the foregoing will be reported to the other party within seven (7) days of any change. The Plaintiff and Defendant shall each be given the first opportunity to provide child care for the parties' minor children when the other party is scheduled to work and it would otherwise be necessary for the children to attend day care.

We fail to perceive any reasonable question that the requirements relative to visitation were not articulated in sufficient detail to permit their enforcement, and we hold that this order is sufficiently definite that the enforcement of its provisions can be attained with respect to both parties.

We take together the mother's next two arguments, the thrust of which is that the trial court committed an abuse of its discretion and also committed reversible error when it modified the divorce decree upon its finding that a substantial change in circumstances had occurred that resulted in it being in the best interests of the children that the parties have joint custody, with primary custody being awarded to the father. The party who seeks modification of the child custody provisions of a divorce decree must assume the burden of establishing that there has occurred a material and substantial change in circumstances which outweighs the interests of society in applying the doctrine of *res judicata. Sorensen v. May,* 944 P.2d

429, 432 (Wyo.1997); *Goody v. Goody*, 939 P.2d 731, 733 (Wyo.1997). The issue of whether a substantial change in circumstances has occurred, sufficient to justify a change in custody, is principally a question of fact, and we afford a great deal of deference to the decision of the trial court. *Rocha v. Rocha*, 925 P.2d 231, 233 (Wyo.1996); *Yates v. Yates*, 702 P.2d 1252, 1256 (Wyo.1985). An abuse of the trial court's discretion will be found only when its decision exceeds the bounds of reason, or the record demonstrates that it was not reasonable for the court to have concluded as it did. *Hertzler v. Hertzler*, 908 P.2d 946, 950 (Wyo.1995); *Smith v. Smith*, 895 P.2d 37, 41 (Wyo.1995) (*quoting Jones v. Jones*, 858 P.2d 289, 291 (Wyo. 1993)).

▇▇▇ In addition to demonstrating a material and substantial change in circumstances, the party seeking the modification of a divorce decree, as it pertains to custody, must demonstrate that the modification will be in the best interests of the child or children. *Munoz v. Munoz*, 919 P.2d 138, 140 (Wyo.1996); *Mulkey–Yelverton v. Blevins*, 884 P.2d 41, 44 (Wyo.1994); *DJG v. MAP*, 883 P.2d 946, 947 (Wyo.1994). *See also* Wyo. Stat. § 20–2–113(p) (Repl.1994). The paramount consideration of the trial court in arriving at decisions with respect to custody of minor children is the welfare of those children. *Esquibel v. Esquibel*, 917 P.2d 1150, 1151 (Wyo.1996); *Gaines v. Doby*, 773 P.2d 442, 445 (Wyo.1989). Our examination and evaluation of this record leads us to the conclusion that there was ample evidence presented to the trial court to demonstrate that a material and substantial change of circumstances had occurred and that the material and substantial change of circumstances justified the award of primary custody to the father in the best interests of the children. Testimony at the hearing established that the mother repeatedly made negative comments to the children about the father's way of life. As a product of these comments, the children manifested increasing hostility and disruptive behavior towards the father after visits with the mother. In addition, these unfortunate children experienced emotional problems because of the hostility between the mother and the father. Finally, the evidence demonstrated that when temporary custody was awarded to the father, pending the relitigation by the mother of the issue of child support, the children's academic grades and their social lives improved.

As a final contention, the mother urges upon us the proposition that the trial court committed reversible error because it failed to rule on her contempt motion at the final hearing and that it committed reversible error when it vacated its order appointing a guardian ad litem to represent the children's interests. The record demonstrates that earlier, on September 28, 1995, the trial court in its Order Granting Plaintiff Temporary Custody and Denying Defendant's Motion For Order to Show Cause expressly refused to find the father in contempt for violation of the divorce decree. That order was dispositive, and there was no requirement for the trial court to address it again at the final hearing. The record also demonstrates that both parties agreed at the final hearing that the trial court could vacate the order appointing a guardian ad litem. The trial court's order was consistent with this agreement by the parties, and the trial court committed no error in entering that order.

The Order Modifying Decree of Divorce is affirmed.