**Vernon NIX, Appellant (Defendant below),**

v.

**Gladys CHAMBERS, Appellee (Plaintiff below).**

**No. 4352.**

Supreme Court of Wyoming.

July 18, 1974.

———◆———

Ronald W. Hofer, of Leimback, Aspinwall & Hofer, Casper, for appellant.

Fred W. Layman, Casper, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE, and McCLINTOCK, JJ.

PER CURIAM.

It has been alleged in this case that a dog named "Max," which belonged to Gladys Chambers, was shot and killed with a 22-caliber bullet; also, that medical expense on the dog amounted to $35. The owner, accusing Vernon Nix, defendant, of killing the dog, brought suit for damages.

No transcript of the evidence has been submitted and there has been no compliance with Rule 75(c), W.R.C.P. Thus, there is nothing before us upon which a decision can be based. The appeal is therefore dismissed.

The appellee requests that we invoke the provisions of Rule 72(k), W.R.C.P., and assess costs and penalties against the appellant. We are unable to certify that there was reasonable cause for the appeal. Accordingly, it appears to be mandatory that there shall be taxed as part of the costs in this case, a reasonable attorney's fee of not less than $25 nor more than $300. In compliance with this provision, we fix the attorney's fee to·be paid by appellant to appellee in the amount of $100, which shall be added as a part of the costs and penalties to be paid by appellant.

Affirmed.