Rodney O. SKURDAL, Appellant (Plaintiff),

v.

The STATE of Wyoming, acting By and Through the Clerk of the District Court, Kay STONE; Deputy Clerk of the District Court, Julie Stahnke; Campbell County Treasurer, Shirley Study; County Attorney, Mr. Hilderbrand; Wyoming State Auditor, Mr. James Griffith, Appellees (Defendants).

No. 84–123.

Supreme Court of Wyoming.

Nov. 6, 1985.

Petition Demanding a Rehearing in the Interest of Justice Denied Dec. 16, 1985.

Rodney O. Skurdal, pro se.

A.G. McClintock, Atty. Gen., Allen C. Johnson, Sr. Asst. Atty. Gen., and Patrick J. Crank, Legal Intern, for appellees (defendants) The State of Wyoming and Mr. James Griffith.

Thomas D. Roberts of Morgan, Brorby, Price & Roberts, Sp. Counsel for Campbell County Com'rs, Gillette, for appellees (defendants) Kay Stone, Julie Stahnke, Shirley Study, and Mr. Hilderbrand.

Before THOMAS,[1] C.J., ROONEY,[2] BROWN and CARDINE, JJ., and ROSE, J., Retired.

ROSE, Justice, Retired.[3]

In perhaps the most frivolous appeal ever filed here, the record reveals that appellant Skurdal, who appeared pro se before this court, was issued drafts by the State of Wyoming in payment of Worker's Compensation claims and some minor property damage. Skurdal refused to accept paper dollars when he attempted to cash the draft because he claims he has a right to be paid in gold or silver. However, if he must be paid in other than gold and silver, Skurdal claims, the State owes him 32 paper dollars for each dollar designated on the face of the check. Skurdal bases his ratio upon the price (in terms of paper dollars) of a silver Olympic coin series. In addition, appellant asks that this court declare the United States government's printing of paper money to be unconstitutional.

### Trial Court Disposal

After a hearing on a motion to dismiss, the trial judge dismissed the complaint, holding that his court was without jurisdiction to entertain the challenge to the federal government's authority to print money, and that the complaint failed to state a claim upon which relief could be granted. Skurdal has appealed from this order.

### The Questions for Decision

The only questions which are properly before us are those which ask whether the trial court erred in dismissing the complaint on the grounds that it lacked jurisdiction to declare congressional acts unconstitutional by reason of its authority under the Wyoming Governmental Claims Act, § 1–39–117(a), W.S.1977, 1983 Cum.Supp., and whether the court erred in holding that the complaint failed to state a claim upon which relief could be granted.

We take special note of the fact that appellant has failed to present any relevant authority to support his contentions that the district court erred in dismissing his complaint.

### The Decision

In support of his contention that the court below had jurisdiction to declare unconstitutional the federal government's authority to print paper money, the appellant relies on the Wyoming Governmental Claims Act, §§ 1–39–101 through 1–39–119, W.S.1977, 1983 Cum.Supp. That Act, among other things, allows the State to be sued for various torts committed by public

---

1. Became Chief Justice on January 1, 1985.

2. Chief Justice at time of oral argument.

3. This case was originally assigned to Chief Justice Thomas on November 5, 1984 for the rendering of a proffered majority opinion. No such opinion being forthcoming, it was reassigned to Justice Rose on July 30, 1985. Justice Rose distributed a proffered opinion to the court on September 3, 1985.

employees in different situations and provides for Wyoming district court jurisdiction of any claim which falls within the contemplation of the Act. Section 1–39–117(a), W.S.1977, 1983 Cum.Supp. The Wyoming Governmental Claims Act does not and cannot confer jurisdiction upon the district courts of Wyoming to settle such claims as those described in this appeal, and we therefore hold that the trial court properly granted defendant's motion to dismiss the claim of this appellant.

Appellant relies on no authority other than that contained in the Wyoming Governmental Claims Act to support his contention that the trial court had jurisdiction to hear his complaint, and his reliance upon the Wyoming Governmental Claims Act does not supply the cogent argument and citation of authority required by Rule 5.01(4), W.R.A.P. We have on numerous occasions said that we will not consider arguments not properly supported by adequate and relevant authority. *Zanetti v. Zanetti,* Wyo., 689 P.2d 1116, 1123 (1984); *Osborn v. Manning,* Wyo., 685 P.2d 1121, 1124 (1984); *Herman v. Speed King Manufacturing Company,* Wyo., 675 P.2d 1271, 1278–1279 (1984); *Holding's Little America v. Board of County Commissioners of Laramie County,* Wyo., 670 P.2d 699, 703 (1983).

■ Mr. Skurdal also sought to be paid 32 federal reserve notes for every "dollar" he was to receive from his Worker's Compensation benefit checks. The Worker's Compensation statute provides that the injured employee shall receive two-thirds of his actual monthly rate of pay as temporary total disability benefits. Section 27–12–402(a), W.S.1977. Skurdal has not shown, or even alleged, that the payment of his salary was tendered and received in gold and silver rather than federal reserve notes, and, therefore, we are unable to see how tendering him two-thirds of the amount he had received as salary in the form of federal reserve notes can be considered as an erroneous tender. Furthermore, so long as the federal reserve notes Mr. Skurdal received to replace his damaged personal property were adequate for that purpose, he cannot have a valid complaint. In short, we agree with the trial court that the complaint was properly dismissed for failure to state a claim upon which relief could be granted, according to Rule 12(b), W.R.C.P.

■ Appellees have asked this court to award to them as part of the cost in this matter a reasonable sum as and for attorney's fees and penalty pursuant to Rule 10.05, W.R.A.P. That rule requires in a civil case, when the judgment or order is affirmed, that unless this court

"* * * certifies that there was reasonable cause for the appeal, there shall also be taxed as part of the costs in the case, a reasonable fee, to be fixed by the court, not less than one hundred dollars * * * to the counsel of the appellee * *."

We rarely refuse to certify that there was reasonable cause for appeal, but we will refuse to do so in an appropriate case. *Reno Livestock Corporation v. Sun Oil Company* (Delaware), Wyo., 638 P.2d 147 (1981); *Osborn v. Warner,* Wyo., 694 P.2d 730 (1985).

We cannot certify that there was reasonable cause for appeal in the case at bar. Other courts have also held that challenges to the use of federal reserve notes to pay debts were clearly frivolous. See *Lepucki v. Van Wormer,* 765 F.2d 86 (7th Cir.1985). Since we cannot certify that there was reasonable cause for appeal, we must tax to appellant a reasonable fee of not less than $100. See *Nix v. Chambers,* Wyo., 524 P.2d 589 (1974).

The clerk of court is directed to tax the appellant, as part of the costs in this case, a fee of $100. There will be no penalty assessed.

Affirmed.