Al HAMBURG, Appellant (Plaintiff),

v.

Denise HEILBRUN and The Torrington Telegram, Appellees (Defendants).

No. 94–78.

Supreme Court of Wyoming.

March 8, 1995.

Rehearing Denied March 13, 1995.

Al Hamburg, pro se.

Michael E. Warren, Torrington, for appellee Heilbrun.

Eric M. Alden, Wheatland, for appellee The Torrington Telegram.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

THOMAS, Justice.

In this case which is presented by Al Hamburg (Hamburg), acting as his own attorney, the primary issue is the failure of Hamburg to present cogent argument and pertinent authority in his brief as well as his failure to comply with Wyo.R.App.P. 7.01. The issue asserted by Hamburg is that he had a right to participate as a party in a case presented by his sons in the trial court. There are incidental issues relating to an attempt to exercise peremptory challenge of the judge and a motion to stay proceedings, but the consideration of those issues depends upon the resolution of the primary issue. For the failure to comply with our rules and to present cogent argument and pertinent authority, we affirm the Order Dismissing Claims of Al Hamburg and Denying Motion to Amend Complaint. That resolution avoids the necessity of considering any collateral issues. We also assess a reasonable fee for counsel for the appellees pursuant to Wyo.R.App.P. 10.05.

The issues as articulated by Hamburg are:

1. Did the court have legal right to dismiss Al Hamburg as a plaintiff.

2. Did the court commit prejudicial error in removing Al Hamburg as a plaintiff.

3. Did plaintiffs have cause to request a change of judge under W.R.C.P. 40.1(b)(2).

4. Is the Order Denying Change of Judge appealable.

5. Motion to Stay Proceedings in district court pending appeal.

In the Brief of Appellee Denise Heilbrun, the issues are articulated in this way:

1. Did the trial court improperly deny Plaintiff's Motion for a Change of Judge pursuant to W.R.C.P. 40.1(b)(2)?

2. Did the trial court improperly dismiss Al Hamburg from the sexual harassment case he filed on behalf of his sons?

3. Did the trial court improperly deny Al Hamburg's Motion to Amend Complaint?

4. Should proceedings in the District Court be stayed during this appeal?

5. Should appellee be awarded costs and fees pursuant to W.R.A.P. Rule 10.05?

6. Should Appellant's appeal be dismissed for failing to comply with W.R.A.P. Rule 3.05(e)?

In its Brief of Appellee, The Torrington Telegram articulates these issues:

1. Whether the District Court Judge erroneously dismissed the Appellant?

2. Whether the District Court Judge erroneously dismissed the Appellant's amended complaint?

3. Whether the District Court Judge's decision not to disqualify himself for cause is an appealable order?

4. Whether the Appellee, Torrington Telegram, is entitled to costs and fees pursuant to W.R.A.P. Rule 10.05?

Hamburg sought to be recognized as a plaintiff in an action filed by his two sons seeking recovery for sexual harassment of the sons by Denise Heilbrun (Heilbrun) and The Torrington Telegram (The Telegram). Heilbrun was an employee of The Telegram and was the individual who was charged with sexual harassment in the complaint of the sons.

[1, 2] For more than thirty-five years, this Court has summarily affirmed cases or issues in cases that are not presented with cogent argument or pertinent authority. *E.g., Wilson v. State,* 874 P.2d 215 (Wyo. 1994); *Haderlie v. Sondgeroth,* 866 P.2d 703 (Wyo.1993); *In Interest of FT,* 856 P.2d 1128 (Wyo.1993); *Amrein v. Wyoming Livestock Bd.,* 851 P.2d 769 (Wyo.1993); *E.C. Cates Agency, Inc. v. Barbe,* 764 P.2d 274 (Wyo. 1988); *Kipp v. Brown,* 750 P.2d 1338 (Wyo. 1988); *Freeman v. Town of Lusk,* 717 P.2d 331 (Wyo.1986); *Skurdal v. State by and through Stone,* 708 P.2d 1241 (Wyo.1985); and *Sch. Dist. No. 9, Fremont County v. Dist. Boundary Bd. in and for Fremont County,* 351 P.2d 106 (Wyo.1960). This rule may make allowances for *pro se* litigants, but they are not excused from compliance. In accordance with the rule and because of the almost complete failure of Hamburg to comply with the provisions of Wyo.R.App.P. 7.01, we summarily affirm this case. The sanction of affirmance for failure to comply with our rules is specifically provided in Wyo.R.App.P. 1.03.

■ In any event, we are satisfied that Hamburg's effort to join in the action brought by his sons was nothing more than a thinly-veiled attempt on his part to be recognized as their attorney. From the presentation made in this case as well as a comparison of the case of *Hamburg v. Heilbrun,* 889 P.2d 967 (Wyo.1995), we have been unable to discern any valid claim for relief on the part of Hamburg. No tort was committed that affected him, and he, in fact, had no basis for seeking relief from either The Telegram or Heilbrun. This is precisely why Wyo. R.Civ.P. 12(b)(6) justifies dismissal for failure to state a claim. Even analyzing the facts alleged as true, and viewing the allegations in the light most favorable to Hamburg (*Carbon County Sch. Dist. No. 2 v. Wyoming State Hosp.,* 680 P.2d 773 (Wyo.1984); *McClellan v. Tottenhoff,* 666 P.2d 408 (Wyo.1983)), there is nothing set forth in the complaint that justifies any claim on Hamburg's part for which relief can be granted. The pleading totally fails to give fair notice to the defendants of Hamburg's claim (*Johnson v. Aetna Casualty & Sur. Co.,* 608 P.2d 1299 (Wyo. 1980)), and the dismissal was proper.

■ The district court exercised sound judgment with respect to what is right under the circumstances and without acting arbi-

trarily or capriciously. *Rivermeadows, Inc. v. Zwaanshoek Holding and Financiering, B.V.,* 761 P.2d 662 (Wyo.1988). That exercise of discretion by the trial court will not be disturbed on appeal except in a rare case where there is a clear abuse of discretion. *England v. Simmons,* 728 P.2d 1137 (Wyo. 1986).

We are satisfied that an order denying a motion to disqualify the trial judge pursuant to Wyo.R.Civ.P. 40.1(b)(3) is not an appealable order. *Osborn v. Manning,* 812 P.2d 545 (Wyo.1991). While error in the ruling on the motion may be asserted in an appeal, any error with respect to that ruling is subsumed by our affirmance of the order of dismissal.

We are asked by the appellees to award attorney fees pursuant to Wyo. R.App.P. 10.05 because of the frivolous appeal. Hamburg has presented no cogent argument or pertinent authority in his brief that supports his contentions. From what was included in the Brief of Appellant, we are persuaded the appeal is frivolous. We normally do not award damages or attorney fees under Wyo.R.App.P. 10.05 when discretionary rulings of the trial court are presented. *James S. Jackson Co., Inc. v. Meyer,* 677 P.2d 835, 839 (Wyo.1984) (quoting *Bacon v. Carey Company,* 669 P.2d 533, 536 (Wyo. 1983)). In this instance, however, the situation was such that it would have been an abuse of discretion on the part of the trial court not to grant the motions to dismiss under Wyo.R.Civ.P. 12(b)(6), and there was no premise presented from which Hamburg could justify an appeal. We certify there was no just cause for this appeal and, consequently, we award attorney fees under Wyo. R.App.P. 10.05 to The Torrington Telegram and to Denise Heilbrun. *E.g., Phifer v. Phifer,* 845 P.2d 384 (Wyo.1993); *Osborn v. Pine Mountain Ranch,* 766 P.2d 1165 (Wyo.1989). The appellees shall submit a statement of attorney fees to this Court and, upon review, an appropriate award of fees will be ordered by this Court.

The judgment of the trial court is affirmed and, since we find there was no reasonable cause for this appeal, we award an attorney fee to counsel for Denise Heilbrun and an attorney fee to counsel for The Torrington Telegram.