STATE of Wyoming, ex rel. Ronald G. REECE, Licensed Outfitter, Appellant (Petitioner),

v.

WYOMING STATE BOARD OF OUTFITTERS AND PROFESSIONAL GUIDES, Appellee (Respondent).

No. 96–36.

Supreme Court of Wyoming.

Jan. 31, 1997.

Rehearing Denied Feb. 25, 1997.

Andrew L. Breffeilh (argued), Jackson, for Appellant.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; and John S. Burbridge, Assistant Attorney General (argued), for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

LEHMAN, Justice.

■ Appellant Ronald Reece, doing business as Piney Creek Outfitters, seeks reinstatement of his outfitters license earlier revoked by the Wyoming State Board of Outfitters and Professional Guides. Appellant's brief fails to comply with rules of appellate procedure and is void of cogent argument or legal authority, thus depriving him of his requested relief.

We affirm.

A Petition for Review to the district court, sounding issues of constitutional and jurisdictional magnitude, led to a certification to this court to consider questions of statewide impact. While passing reference, unsupported by authority, is made in appellant's brief to constitutional violations, appellant argues only of erroneous conclusions of law drawn by the Board and the Board's lack of observance of procedure.

Appellant's statement of the case reveals only argument and hyperbole as well as a forum to raise new issues on appeal, in violation of W.R.A.P. 7.01(e). Within the argument portion, only one citation to legal authority is provided, which correctly states that an agency action must be set aside if it is not supported by sufficient factual findings in the record. *Majority of Working Interest Owners in Buck Draw Field Area v. Wyoming Oil & Gas Conservation Comm'n,* 721 P.2d 1070, 1078 (Wyo.1986). The remainder of the argument includes conclusions without supporting reasoning and a total lack of pertinent authority.

The only other reference to authority within appellant's argument is the quote attributed to Yogi Berra stating: "This is deja vu all over again." This quotation finds utility in this opinion because "[f]or more than thirty-five years, this Court has summarily affirmed cases or issues in cases that are not presented with cogent argument or pertinent authority." *Hamburg v. Heilbrun,* 891 P.2d 85, 87 (Wyo.1995). *See also, Earlywine v. Peterson,* 885 P.2d 861, 864 (Wyo.1994) and *State, Game and Fish Comm'n v. Thornock,* 851 P.2d 1300, 1304 (Wyo.1993). Based upon the failure of appellant to comply with the provisions of W.R.A.P. 7.01, we summarily affirm this case. "The sanction of affirmance for failure to comply with our rules is specifically provided in W.R.A.P. 1.03." *Hamburg,* at 87.

■ The Board requests that we enter sanctions. Generally, we are reluctant to grant sanctions and will do so only in those rare circumstances where an appeal lacks cogent argument, where there is an absence of pertinent authority to support the claims of error, and/or when there is a failure to adequately cite to the record. *Osborn v. Painter,* 909 P.2d 960, 965 (Wyo.1996); *Phifer v. Phifer,* 845 P.2d 384, 387 (Wyo.1993). Because appellant's brief satisfies each of those requirements, sanctions in the form of costs incurred by the Board in responding to this appeal are appropriate and are hereby assessed.