Mark A. SUNDERMAN and Judy K. Sunderman, individually and Mark A. Sunderman and Judy K. Sunderman, as next friend for and on behalf of their minor children Mark Allen Sunderman, Jr. and Gabrielle Suzanne Sunderman, Appellants (Plaintiffs),

v.

STATE FARM FIRE & CASUALTY COMPANY, a corporation, Appellee (Defendant).

No. 98–75.

Supreme Court of Wyoming.

May 10, 1999.

Rehearing Denied June 8, 1999.

John E. Stanfield of Stanfield & Summerfield Law Office, Laramie, Wyoming, Representing Appellants.

George E. Powers, Jr. of Sundahl, Powers, Kapp & Martin, Cheyenne, Wyoming, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, and TAYLOR,* JJ., and BRACKLEY, D.J.

TAYLOR, Justice, Retired.

After a fire destroyed much of their home, appellants brought a lawsuit against their insurer, based in large part on the insurer's refusal to provide the funds to build a totally new home. After a trial to a jury, the insurer was absolved of all liability for its handling of appellants' claim. On appeal, appellants allege that numerous errors by the district court resulted in a trial atmosphere that precluded the jury's fair consideration of their case. Finding no merit in the allegations, we affirm.

## I. ISSUES

Appellants, Mark A. and Judy K. Sunderman (the Sundermans), failed to list issues on appeal in their opening brief. Therefore, we list only the issues as phrased by appellee, State Farm Fire & Casualty Company (State Farm):

1. Did the district court act within its discretion in allowing State Farm to conduct limited cross-examination of State Farm employees, who had been called as witnesses by Sundermans in their case in chief?

2. Did the district court have discretion to review its pre-trial orders and have the Sundermans demonstrated any material prejudice arising from any orders issued by the district court upon such review?

3. Did the district court abuse its discretion by establishing reasonable time guidelines for the trial of this case and have the Sundermans demonstrated any prejudice arising from any such guidelines?

4. Did the district court abuse its discretion in limiting the parties['] use of post-litigation correspondence between counsel and have the Sundermans demonstrated any prejudice resulting from any such limitation?

5. Have the Sundermans established any basis upon which this Court could consider permitting an exception to the rule of harmless error?

6. Have the Sundermans preserved and presented a valid objection to Instruction 22, as given by the district court, which would require this court to overturn the jury's determination that the Sunderman[s'] home was in fact repairable after the February 17, 1994 fire?

7. Should this Court dismiss the present appeal and/or award sanctions as a result of the Sundermans' submission of a brief, which displays an apparent and conscious indifference to this Court's rules, requirements and practices?

## II. FACTS

On February 17, 1994, fire broke out in a wall near a wood stove, damaging the Sundermans' home in Laramie, Wyoming. The Sundermans were insured by State Farm under a policy that provided three types of coverage. The dwelling coverage included a "guaranteed replacement cost" feature

---

* Retired November 2, 1998.

wherein State Farm agreed to pay the reasonable costs of repairing or replacing the dwelling, if necessary, in an amount exceeding the policy limit. The contents of the home were covered on the basis of "replacement costs" up to the policy's limit. The Sundermans also had "additional living expenses" coverage; available to absorb additional expenses while their home was uninhabitable due to fire. At the time of trial, State Farm had paid the Sundermans a total of $176,510.85 under the three coverages.

In May 1994, the Sundermans notified State Farm that no repair of their home was acceptable, contending that Mrs. Sunderman and one or both of the children suffer from a condition known as multiple chemical sensitivity. According to the Sundermans, residual wood smoke and chemicals left in the repaired dwelling would be toxic to them. Therefore, nothing less than a total demolition of the structure and a complete replacement of their house would be sufficient.

State Farm responded by requesting some form of medical documentation of the family's condition. The Sundermans then contacted an attorney and future attempts to reconcile the dispute were unavailing when no medical records were provided.[1] The Sundermans filed a complaint on September 22, 1994, claiming bad faith, negligent and/or fraudulent misrepresentation, agency liability for alleged gaps in coverage, failure to meet reasonable expectations, and the right to attorney fees and punitive damages. The "reasonable expectations" claim was dismissed pursuant to W.R.C.P. 12 and is not under appeal here.

State Farm filed a motion for summary judgment on all claims. The motion was originally granted only as to the claim for negligent misrepresentation. However, pursuant to a scheduling order directing counsel to file all anticipated motions, State Farm filed a motion for reconsideration of the summary judgment motion. After reconsideration, the grant of summary judgment was extended to include the fraud claim. The

claims for bad faith, attorney fees and punitive damages were allowed to go forward.

Trial to a jury was held from November 17, 1997 through November 25, 1997. Following the close of the evidence, the district court granted State Farm's motion for judgment as a matter of law on the claims for attorney fees and punitive damages. On November 25, 1997, the jury returned with its verdict that State Farm had not violated the covenant of good faith. Judgment was entered on December 2, 1997. This timely appeal followed.

### III.  STANDARD OF REVIEW

Under W.R.E. 611, the district court is given broad discretion to control the manner of interrogation of witnesses. *Seaton v. State of Wyo. Highway Com'n, Dist. No. 1*, 784 P.2d 197, 202 (Wyo.1989). Thus, the district court's decisions on such matters will not be overturned in the absence of a showing that the district court has clearly abused that discretion. *Id.* " ' "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances." ' " *Thunder Hawk By and Through Jensen v. Union Pacific R. Co.*, 891 P.2d 773, 779 (Wyo.1995) (*quoting Roberts v. Roberts*, 816 P.2d 1293, 1297 (Wyo.1991) and *Martinez v. State*, 611 P.2d 831, 838 (Wyo.1980)).

In reviewing a challenge to jury instructions, we will consider both the procedural context as well as the substantive context. Substantive review is dependent upon a record that demonstrates that the objecting party preserved his objection by interposing a proper objection as required by W.R.C.P. 51. *Hatch v. State Farm Fire and Cas. Co.*, 930 P.2d 382, 391 (Wyo.1997). In the absence of a proper objection, the doctrine of plain error applies:

"[T]his court must be able to discern from the record, without resort to speculation or equivocal inference, what occurred at trial * * *. Further, the proponent * * * must demonstrate the existence of a clear

---

1. No medical records of the family's alleged condition were provided at any time prior to or at trial.

and unequivocal rule of law which the particular facts transgress in a clear and obvious, not merely arguable, way. * * * [T]he error or defect must adversely affect some substantial right of the accused in order to avoid the application of the harmless error concept * * *."

*Id. (quoting Hampton v. State,* 558 P.2d 504, 507 (Wyo.1977)).

## IV. DISCUSSION

██ The majority of the Sundermans' arguments are presented without record support, cogent argument, or legal authority. They will, therefore, not be considered. *Ayers v. State,* 949 P.2d 469, 470 (Wyo.1997); *State ex rel. Reece v. Wyoming State Bd. of Outfitters and Professional Guides,* 931 P.2d 958, 959 (Wyo.1997). While only marginally acceptable, we will briefly address the Sundermans' arguments regarding the leading questions allowed on cross-examination of State Farm employees and Jury Instruction No. 22.

██ We find no abuse of discretion in the district court's allowance of the limited use of leading questions during the cross-examination of State Farm's employees called by the Sundermans in their case-in-chief. The record clearly demonstrates that such questioning was allowed only on foundational and undisputed issues. The proper use of the district court's discretion is reflected in the following discussion held outside the presence of the jury:

> THE COURT: * * * Well, the rule, I think is pretty clear, and it is a discretionary thing. I note that we're not * * * well into [the witness] testimony at this point, and what we've had so far in the way of leading questions has been primarily foundational. And I will continue to allow leading questions, particularly as to foundational stuff, undisputed stuff, largely in the interests of time. We can save a lot of time that way.

> But I do recognize there is a certain element of danger there if you get into substantive disputed areas where it would be well to have the witness testify rather than [appellee's counsel], and so I'm not going to allow just free hand to lead all the way through is what it comes down to.

Thereafter, objections to the leading nature of certain questions were sustained on several occasions. There is no indication that the district court failed to appropriately exercise its discretion or prejudiced the Sundermans in any way during trial.

██ The Sundermans' next claim is that the jury was improperly instructed; in the main alleging error in Jury Instruction No. 22. The instruction conference, recorded in its entirety, reflects the Sundermans' counsel's dissatisfaction with this jury instruction. However, it is also clear that counsel specifically promised to provide the district court with an alternative jury instruction the next day. · No alternative jury instruction was submitted. In the absence of the submission of a proper written jury instruction, any claimed error is deemed waived. *Hatch,* 930 P.2d at 394 (*quoting Triton Coal Co., Inc. v. Mobil Coal Producing, Inc.,* 800 P.2d 505, 511 (Wyo.1990)). Further, the Sundermans point to no clear and unequivocal rule of law which the particular facts transgress in an obvious way, and, therefore, no plain error was demonstrated.

We decline to impose sanctions.

## V. CONCLUSION

The district court is affirmed in all respects.