**DEWEY FAMILY TRUST, John C. Dewey and Elizabeth A. Dewey, Co-Trustees; and John C. Dewey and Elizabeth A. Dewey, as individuals, Appellants (Defendants),**

v.

**MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, a Wyoming corporation, Appellee (Plaintiff).**

No. 98–209.

Supreme Court of Wyoming.

April 5, 2000.

Representing Appellants: John C. Dewey, Pro Se, and Elizabeth A. Dewey, Pro Se.

Representing Appellee: Rebecca A. Lewis of Lewis & Hunt, LLC, Laramie, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

THOMAS, Justice.

In the district court, the only issue in this case was whether coverage was available to the Dewey Family Trust, and John C. Dewey and Elizabeth Dewey, as co-trustees and as individuals (the Deweys) under a policy issued by Mountain West Farm Bureau Mutual Insurance Company (Mountain West). The Deweys were defendants in an action by the sellers under a contract for the sale of real estate, who sought damages for breach of contract, specific performance, and injunctive relief to protect livestock that were leased by the Deweys in connection with the land contract. There was an allegation of damage to property, but the district court determined that coverage was excluded under the policy because the property was in the possession of the Deweys. The district court, after reviewing the policy and comparing it to the allegations in the Complaint and Amended Complaint that had been filed by the sellers, granted summary judgment to Mountain West.

The primary issues presented in this Court arise out of the Deweys' failure to meet, even minimally, the requirements found in W.R.A.P. 7.01, and their failure to present cogent argument and pertinent authority. John C. Dewey appears pro se, and as the representative of his wife, Elizabeth Dewey, and the Dewey Family Trust (collectively Dewey).[1] As a sanction under W.R.A.P. 1.03, we affirm the Order Granting Summary Judgment, entered on September 4, 1997; the Order Granting Plaintiff's Motion for Summary Judgment, entered on April 16, 1998; the Order Granting Plaintiff's Motion for Protective Order, entered on April 16, 1998; the Order Denying Defendant's Motion for Summary Judgment, entered on April 16, 1998; and the Order Denying Defendants' Motion for Continuance, entered on April 16, 1998, from all of which the Deweys endeavored to appeal. In addition, since this Court cannot certify that there was a reasonable cause for this appeal, we assess sanctions in the form of reasonable fees for appellee's counsel pursuant to W.R.A.P. 10.05.

We are tempted to omit the Deweys's Statement of Issues for Review, which takes up four pages of their brief, because those issues were not addressed in the brief nor supported by cogent argument or pertinent authority. The Deweys' contentions demonstrate nothing more than dissatisfaction that the district court granted summary judgment to Mountain West instead of them. As recited, they obviously pertain more to the underlying litigation than to the declaratory judgment action brought to settle the issue of policy coverage. We conclude, however, that it is appropriate to recite the issues presented by the Deweys in the Brief, filed by John C. Dewey on their behalf because the issues that are recited are illustrative of our premise for deciding this case. They read:

1. We believe the Court erred in granting a summary Judgment based on a Conditional Offer that never matured. None of the conditions outlined in the offer were complied with. By Wentland and the Defendant claimed offer was voided by offer Article 4E and Wyoming Real Estate Rules and Regulations, Chapter 2, 9c(iii), (x), (xvi). Defendant withdrew offer September 17, 1995. We believe this is a factual issue, not a question of law. Therefore we believe as we requested a

---

* Retired November 2, 1998.

1. John C. Dewey purports to represent both himself and the Dewey Family Trust. Because John Dewey's interests and those of the trust are substantially identical, we will, for the purposes of this appeal only, treat them as if they were a single party. Mountain West has not questioned John Dewey's representation of the trust, but such representation may violate our statute prohibiting the unauthorized practice of law. Wyo. Stat. Ann. § 33–5–117 (Michie 1997); see also *Beaudoin v. Kibbie*, 905 P.2d 939, 939 n. 1 (Wyo. 1995).

jury trial, it should have went to a jury rather than be decided by Summary Judgment. We believe the District Court erred.

* * *

2. We believe the Court also erred in granting a blanket Summary Judgment making the defendant guilty of intentionally guilty of damaging property, intentionally alienating or abandonment of property and breaching a contract. All of these things are allegations, none of these are based on any facts. This makes all these *allegations questions of fact* as there is no proof or documentation of any of the above occurred.

3. We believe the Court erred by not entering Judgment on each claim or issue spelled out in the Motion for Summary Judgment by the Plaintiff without citing laws and reasons which allowed for *Summary Judgment on these unfactual claims.*

4. We believe the Court erred in entering a blanket denial of the Defendant[']s Motion for Summary Judgment and Counter Claim and Request for a Jury Trial as these claims *contained questions of facts.* Without adjudicating each claim citing reasons and laws supporting Summary Judgment.

5. We believe the Court erred when it granted a Protective Order on a Subpoena for documents after Plaintiff refused to furnish them through a request. *Another question of fact.* We believe refusal to furnish is a violation of W.R.[ ]C.P. 26 B1.

6. We believe the Court erred when it granted a Protective Order on a second Request for Production, another violation of Rule 26 B.1.

7. We believe the Court erred when it did not grant a Motion to not allow any documents not produced under requests through discovery at any hearings or trial.

8. We believe the Court erred when it failed to invoke the Judicial Estoppel Rule after the Plaintiff, on page 5, lines 15–18 of the August 21, 1997, transcript. Stated *this is not a contract issue.* Then on page 9, lines 1–4, *certainly this is a contract* and again on page 10, No. 6 would definitely apply. *It is a contract, it is an issue of contract that Mr. & Mrs. Dewey have with the Sellers.*

9. We believe the Court erred when it allowed Production of Documents at the Hearings after they refused to furnish these documents, and got Protective Orders to keep from having to produce them.

10. We believe the Court erred [when] it granted Summary Judgment in favor of the Plaintiff on facts stated in their claims when on page 9, lines 1–3, the Plaintiff claims alleging Breach of Contract and Specific Performance. Also on page 5, lines 4–6 of August 21, 1997 transcript, they admit the above are only allegations, not facts.

11. We believe the Court erred by granting this Summary Judgment on alleged incidents, not on facts or formalities and pleading defects, *Builders Corp. Of America v. United States,* 9th Cir. 259 F.2d 766 & 346 P.2d 27½.

The Courts have recognized that cases are to be decided on the merits, and that suits which were originally equitable remedies will not be dismissed, but that Judgments will be decided on the proofs. *William v. Snow,* 186 P. 161.

12. We believe the Court erred by not following the rule "Insurance contracts are to be construed liberally in favor of the insured." See Wests Key, 146.7–1.

13. Did the Court erre [sic] when it granted a second Summary Judgement [sic] Hearing for the Plaintiff after the Plaintiff in the first Summary Judgement [sic] Hearing stated on page 23, lines 24–25 of the August 21, 1997 transcript, *"that there were no more claims before the District Court that were appropriate for Summary Judgment."* I believe this statement should invoke the Judicial Estoppel Rule and all other matters should go [to] the jury.

14. I also believe the Court erred by signing and approving an order granting Summary Judgment, that does not comply with the orders given on page 20 of the August 21, 1997 transcript. I received no copy of a hearing changing this.

Appellants believe these errors were caused by misinterpretation of the wording of the insurance contract and misstatements of facts to the Court by the transcript Plaintiff Appellee.

A far more cogent statement of the issues is found in the Brief of Appellee, filed on behalf of Mountain West:

I.  Does the appellants' brief violate the Wyoming Rules of Appellate Procedure in such a way that sanctions should be levied against appellants?

II.  Did the district court properly grant summary judgment to appellee when the court held appellants were not entitled to coverage under a liability insurance policy?

III.  Did the district court properly grant summary judgment to appellee when the court held appellants were not entitled to attorney fees or legal costs?

The facts of this case are neither complex nor disputed, and we summarize them briefly. On October 20, 1994, the Deweys entered into a contract to purchase land and lease cattle from the Wentlands. On July 17, 1995, the Deweys, as individuals, obtained from Mountain West a farm and ranch Country Squire Insurance Policy covering the property. The insurance policy made no mention of the Dewey Family Trust. The policy provided for defense of "any suit seeking damages for bodily injury, personal injury or property damages ...," but specifically excluded coverage for damages "arising from any insured's business activities or any professional service."

In September 1995, the Deweys informed the Wentlands that they would not go through with the sale, and at that time the Deweys placed a lien on the cattle, allegedly for the cost of feeding them through the preceding winter. The Wentlands promptly sued, alleging breach of contract, and seeking to enjoin the Deweys from selling any of the cattle. The Deweys requested that Mountain West provide a defense against the Wentlands' suit. Five business days after Mountain West received that request, the company notified the Deweys' attorney that there was no coverage under the policy, and

the Deweys were invited to respond if they disagreed. A little more than one year later, the Deweys, through their attorney, renewed the request. Mountain West again promptly responded that there was no coverage under the policy.

On April 1, 1997, Mountain West filed this action for a declaratory judgment in the district court. The relief sought was a construction of the insurance policy and a declaration that the policy did not cover the claims of the Wentlands against the Deweys. The Deweys filed a pro se answer and counterclaim, in which they sought a construction of the insurance policy and a declaration that the claims of the Wentlands in their action were covered. Affirmative relief was sought for a number of alleged claims against Mountain West. Following cross motions for summary judgment, the district court, in two separate rulings, granted summary judgment for Mountain West on all issues. It ruled against the Deweys on their motion for summary judgment and entered dispositive orders as to the collateral issues. The Deweys filed a timely appeal to this Court.

Pursuant to W.R.A.P. 1.03, this Court has authority to summarily affirm cases or issues that are not presented with cogent argument or pertinent authority. *Hamburg v. Heilbrun,* 891 P.2d 85, 87 (Wyo. 1995). Although some allowances are made for pro se litigants, we will not excuse noncompliance. *Id.*

The Deweys' brief does not include any cogent argument or pertinent authority. As the recited issues demonstrate, the Deweys raise collateral issues and theories, some of which appear nowhere in the record, which is understandable because they have nothing to do with the declaratory judgment claims or the Deweys' counterclaim. Instead, it appears that the Deweys are attempting to litigate the underlying suit which they requested Mountain West to defend. The Deweys state facts without citing to the record, and they cite cases without any explanation of the relationship of such cases to this appeal. Their statement of the issues is merely a collection of unsupported assertions, and their statement of the case fur-

nishes little insight as to what the case is about. For the Deweys' failure to comply with the Wyoming Rules of Appellate Procedure, cite pertinent authority, or make cogent argument, we summarily affirm the district court's grant of summary judgment, although we could find no fault with the decision on the merits.

■ Mountain West asks this Court to certify that there is no reasonable cause for the appeal and award attorneys' fees pursuant to W.R.A.P. 10.05. We are normally reluctant to impose sanctions, and do so "only in those rare circumstances where an appeal lacks cogent argument, where there is an absence of pertinent authority to support the claims of error, and/or when there is a failure to adequately cite to the record." *Amen, Inc. v. Barnard,* 938 P.2d 855, 858 (Wyo.1997). This appeal fits the criteria announced in *Amen, Inc.* and we have no difficulty in certifying that there was no just cause for this appeal. We award the relief sought by Mountain West, and it shall submit a statement of attorneys' fees and costs to this Court. After reviewing the statement, we will award an appropriate amount.

Affirmed, with the award of attorneys' fees and costs to Mountain West.