BOOMGAARDEN, Justice.
[¶1] Appellant, Garrett A. Wright, entered a conditional guilty plea to the charge of possession of marijuana (third or subsequent offense), reserving his right to appeal the district court's denial of his motion to suppress evidence. Finding no error, we affirm the denial of the motion to suppress and, hence, Mr. Wright's conviction and sentence.
ISSUE
[¶2] Mr. Wright presents the following issue on appeal: Did the warrantless detention of Mr. Wright violate the Fourth Amendment and Wyoming Constitution Article I, §§ 4, 6 and 36 ?
FACTS
[¶3] In preparation to direct traffic from the Albany County Fairgrounds at the end of the Jubilee Days rodeo on the evening of July 15, 2017, Laramie Police Officer Christopher Cleven and another officer parked their patrol cars in the middle of Highway 287 with lights flashing. Officer Cleven wore his department-issued helmet and safety vest, and stood positioned to stop traffic heading northbound on Highway 287 in order to allow vehicles to exit the fairgrounds. As Officer Cleven signaled with his flashlight for oncoming traffic to stop, an approaching pickup truck maintained highway speed until it was within 150 feet of Officer Cleven. The truck then rapidly decreased speed and came to a complete stop after veering onto the right shoulder, about 30 feet past Officer Cleven.
[¶4] Officer Cleven found Mr. Wright in the truck, looking dazed and moving items from the center console to behind the driver's seat. Rather than rolling down his window as Officer Cleven asked, Mr. Wright lit a cigarette. When Mr. Wright finally rolled his window down, Officer Cleven immediately smelled a strong odor of marijuana. After taking a Standard Field Sobriety Test, Mr. Wright told Officer Cleven he had smoked marijuana at noon that day and there was marijuana in the center console. Officer Cleven searched the vehicle, finding marijuana and a glass pipe with marijuana residue.
[¶5] Mr. Wright moved to suppress the evidence,[1] challenging the validity and scope *1094 of the stop for a variety of reasons. At the evidentiary hearing, Mr. Wright abandoned several of his arguments and focused entirely on the justification for the initial stop of his vehicle. He also conceded that if the district court concluded that the stop was justified, then the remainder of the detention, and ultimate search, was justified. Following the hearing, the district court denied the motion, finding probable cause justified the initial stop, and allowed Mr. Wright to enter a conditional guilty plea pursuant to W.R.Cr.P. 11(a)(2). The district court sentenced Mr. Wright to three to five years' incarceration, with credit for time previously served, and suspended the sentence subject to three years' supervised probation. Mr. Wright timely appealed.
STANDARD OF REVIEW
[¶6] We review de novo the question of whether Officer Cleven legally detained Mr. Wright. Rodriguez v. State , 2018 WY 134, ¶ 15, 430 P.3d 766, 770 (Wyo. 2018) (citation omitted). However, in reviewing the denial of Mr. Wright's motion to suppress, we adopt the district court's factual findings unless those findings are clearly erroneous, id , and view the evidence in the light most favorable to the district court's decision. Kunselman v. State , 2008 WY 85, ¶ 9, 188 P.3d 567, 569 (Wyo. 2008) (citations omitted).
DISCUSSION
[¶7] Mr. Wright claims that Officer Cleven unlawfully detained him because he was not violating any laws as he was traveling down the highway and was only stopped pursuant to an illegal temporary roadblock.[2] He contends that the roadblock was illegal because Officer Cleven failed to comply with the statutory requirements set forth in Wyo. Stat. Ann. § 7-17-101 through § 7-17-103 (LexisNexis 2017), and the roadblock otherwise failed to comport with Fourth Amendment standards. For these reasons, Mr. Wright alleges the unlawful detention violated his state and federal constitutional rights.[3] Mr. Wright's contentions lack any merit.
[¶8] Wyoming law authorizes law enforcement officers to establish temporary roadblocks to slow or stop traffic for the purpose of "apprehending persons reasonably believed by the officers to be wanted for violation of the laws of this or any other state, or of the United States, and who are using any highway within the state." Wyo. Stat. Ann. § 7-17-102 ; Wyo. Stat. Ann. § 7-17-101(a)(ii). The district court found, and the record supports, that Officer Cleven was not slowing or stopping vehicles to apprehend a wanted suspect. Mr. Wright has presented no cogent argument to the contrary. Mr. Wright therefore was not stopped pursuant to a temporary roadblock.
[¶9] Rather, as the district court determined, Officer Cleven was directing traffic to ensure public safety following the Jubilee Days rodeo pursuant to his authority under Wyo. Stat. §§ 31-5-102 ; -109(a)(ii) (LexisNexis 2017). Wyo. Stat. § 31-5-104 states "[n]o person shall willfully fail or refuse to comply with any lawful order or direction of any police officer ... with authority to direct, control or regulate traffic." The district court found that Mr. Wright disobeyed Officer Cleven's signal to stop while Officer Cleven was lawfully directing traffic. Here again, Mr. Wright has failed to establish that the district court's finding is clearly erroneous, or to otherwise present cogent argument to support his challenge to the district court's order denying his motion to suppress. For decades we have summarily affirmed cases or issues in cases that are not presented with cogent argument, and we do so here. See, e.g. , *1095 Hamburg v. Heilbrun , 891 P.2d 85, 87 (Wyo. 1995) (citations omitted).
[¶10] The initial stop was legally valid because Officer Cleven personally observed Mr. Wright's traffic violation. Whren v. United States , 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996) (citations omitted) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."); Yoeuth v. State , 2009 WY 61, ¶ 21, 206 P.3d 1278, 1284 (Wyo. 2009) (explaining that initial stop was justified under the federal constitution where the officer observed a traffic violation). After lawfully initiating the traffic stop and asking Mr. Wright to roll down his window, Officer Cleven smelled the strong odor of marijuana emanating from Mr. Wright's vehicle. The odor of marijuana justified the subsequent search. Ray v. State , 2018 WY 146, ¶ 22, 432 P.3d 872, 879 (Wyo. 2018) (stating that the smell of marijuana, alone, provides probable cause to expand the scope of a traffic stop and conduct a search of the vehicle).
[¶11] Affirmed.

Mr. Wright's counsel inadvertently filed two motions to suppress on September 28, 2017. The State filed a combined response to the motions, and the district court's order treated Mr. Wright's filings as a single motion.

To the extent Mr. Wright attempts to resurrect any assertions he initially raised in his motion to suppress, but abandoned at the suppression hearing, those assertions are now deemed waived. See, e.g. , Rodriguez v. State , 2019 WY 25, ¶ 37, 435 P.3d 399, 410 (Wyo. 2019) ; Mathewson v. State , 2019 WY 36, ¶ 41, 438 P.3d 189, 205-06 (Wyo. 2019).

The district court found the stop proper under both the state and federal constitutions; however, we address only Mr. Wright's arguments pertaining to the federal constitution as he has failed to provide any analysis that the outcome under the state constitution would differ from the outcome under the federal constitution. Dixon v. State , 2019 WY 37, ¶ 18, 438 P.3d 216, 226 (Wyo. 2019).